## HICKS VS. MANESS.

It is competent for a person having a cause of action against a firm, on a partnership contract, to sue one or more members of the firm, at his election. (1 *Eng.* 24.)

Where the plaintiff sues for the value of property delivered at the warehouse of a third person, for the defendant, he must prove that it was so delivered at his instance and request, and for his benefit, or that he received the benefit of it after it was delivered.

Where an instruction contains several propositions, some of which do, and others do not, embody the law as applicable to the case, the Court may refuse to give the entire instruction, or may give such of the propositions as enunciate the law, and refuse to give such as do not.

Where there is no evidence whatever to sustain the verdict, this Court will award a new trial.

If, upon appeal from a judgment of a justice of the peace, by the defendant, the judgment in the Circuit Court is for a less amount, he is entitled to his cost on the appeal.

*Appeal from Columbia Circuit Court.*

Hon. SHELTON WATSON, Circuit Judge.

WATKINS & GALLAGHER, for appellant.

CARLETON, for the appellee.

Mr. JUSTICE HANLY delivered the opinion of the Court.

Maness, the appellee, brought suit against Hicks, the appellant, before a justice of the peace of Columbia county, on the following account:

   " HICKS, ARRINGTON & Co.,

       To E. MANESS,    *Dr.*

1857. To two bales of cotton, at $50 per bale · · · · · · $100 00."

Before the day of trial the appellant, Hicks, filed a set-off in the following words and figures:

   " ENOCH MANESS,

       To HICKS, ARRINGTON & Co.,  *Dr.*

1856. To balance on settlement · · · · · · · · · · · · · · · · · $64 97."

The cause was tried before the justice without a jury, and resulted in a finding and judgment for the appellee in the sum of $35 03. From this judgment Hicks appealed to the Circuit Court of Columbia county.

In the Circuit Court the cause was tried before a jury, and there was a verdict for the appellee for the sum of $34 03; for which amount, and the costs of both courts, judgment was rendered.

During the progress of the trial in the Circuit Court, several exceptions were taken to its rulings· As there was a motion for a new trial made, and the several exceptions taken during the trial were set down therein as grounds, among others, in support of the motion, we will not state those exceptions farther than to set out the grounds of the motion for a new trial. They are as follows:

1. The Court refused to give the instructions asked by the defendant.

2. The Court refused to exclude the testimony of the witness, Maness.

3. The verdict is contrary to law and evidence.

4. The judgment should not have been rendered for the ap-

pellees for the costs of suit in both courts; but on the contrary, thereof, should have been for the appellant for costs.

The motion for a new trial was overruled, and Hicks excepted and appealed.

It is insisted here that the Court below should have granted the new trial, and not having done so, this is assigned for error, and urged as a reason why the judgment should be reversed.

We will proceed to consider and dispose of the several questions arising out of this assignment.

1. Did the Court err in refusing to give the instruction at the instance of the appellant?

The instruction as asked for is as follows:

" That before the jury can find for the plaintiff, and against defendant in this action, they must be satisfied from the evidence that the defendant James A. Hicks is indebted *individually*, to the plaintiff: that in this suit, the plaintiff cannot recover of the defendant for a debt due him from Hicks, Arrington & Co.: that before they can find for the plaintiff, they must be satisfied from the evidence, that the defendant was, at the time stated, a member of the firm of Hicks, Arrington & Co., and that the cotton was delivered at the warehouse of Vaughn & Arrington, at the instance and request of Hicks, Arrington & Co., and for their benefit, or that they received the benefit of the same after it was delivered."

It is manifest that though the instruction in question is entire, yet it contains three distinct, independent and separate propositions; the first two being unwarranted, whilst the remaining one is without objection, and enunciates a clear principle of law, applicable to the state of facts shown upon the face of 'the record, through the medium of the bill of exceptions.

We have said that the first two propositions contained in the instruction, are unwarranted. We propose to show why they are so. The propositions in question seem to assume it to be the law: that because the appellant was alone sued for a partnership debt, that the appellee must fail in his action, unless

he shall have shown that the debt accrued to the appellee from the appellant upon a contract, either express or implied, between those parties, disconnected from any others. It is manifest from the transcript, and the case stated, that the debt sued for accrued to the appellee from the firm of Hicks, Arrington & Co. The bill of particulars, filed by the appellee, at the time the action was commenced, shows this. Beside this, the appellant himself seems to have so regarded the matter, for we see that he filed an account, as a set-off, made by the appellee with the firm of Hicks, Arrington & Co. It is competent for a person having a cause of action against a firm, on a partnership contract, to sue one or more of the partners, at his election. This principle has been recognized and acted upon from a very early period in this State. See *Hamilton vs. Burton*, 1 *Eng.* 24.

The appellee having sued the appellant for a debt claimed to be due him from Hicks, Arrington & Co., of which firm he was a partner, could only recover by proving such debt. The account filed by him at the time the suit was commenced, stands in the place of a declaration, and makes the action, to all intents and purposes, a special one for the recovery of the precise debt set forth or specified in it. He cannot demand one debt in his account, and, by the introduction of proof, recover judgment for a totally different one. His demand and proof must correspond. The principle is not more relaxed in suits before justices of the peace than it is in its application before courts of record. To hold otherwise would lead to interminable embarrassment and difficulty, and at once defeat the end which the Legislature evidently had in view in requiring persons bringing suits before justices of the peace upon accounts, etc., to file them with the justice at the time of the commencement of the action. Notice to the defendant was the object of the requirement. Surprise would be the consequence of its abrogation, or a material departure from its letter.

The propositions contained in the first two clauses of the instruction do not announce the law applicable to this case.

But we have said, the proposition embodied in the last clause does, and for the reason that it assumes the principles which we have just stated when considering and disposing of the first. This part of the instruction, if it had not been included with the others, and proposed as an entire proposition, ought to have been given. But the blending together of several propositions in one instruction, some legitimate and some not, renders the whole objectionable, at the discretion of the judge. He may treat the instruction as a whole and refuse it, or he may decline to give those which are objectionable, and give those which are not, at his pleasure, and his action in such case is not subject to review or reversal. See *Stanton vs. The State*, 13 *Ark.* 317.

We would not, therefore, reverse the cause on this account.

2. Did the Court err in refusing to exclude the testimony of the witness, Maness?

He swore that " we carried six bales of cotton to Mr. Arrington's warehouse. We only got a receipt for four. We delivered four at one door, and two at the other. When we came I gave the receipt to Hicks for the four. I did not get any receipt for the two bales in controversy. My father, the plaintiff, directed me to leave the cotton there, subject to the order of Hicks, Arrington & Co. Hicks never said any thing to me about delivering the cotton at Camden in Arrington's warehouse."

The transcript is silent as to the grounds upon which the appellant relied to exclude this testimony. The witness seems to have been the person who delivered the cotton, the price of which is in controversy in this suit, at a particular place, by the direction of the appellee, it is true, but for the firm of Hicks, Arrington & Co. No other witness had testified in the cause, when the motion was made to exclude this testimony. The Court could not then know whether the appellee would, or would not, in the subsequent progress of the cause, by other proof, render this more potential. The Court very properly refused to exclude the testimony in question, taking into con-

45

sideration the time at which the proposition was made, and the nature of the facts proved. The Court did not err, therefore, in overruling the motion for a new trial on this ground.

3. Is the verdict contrary to the law and the evidence?

The testimony, in substance, is that the domicil of the firm of Hicks, Arrington & Co. was in Columbia county; that the appellee directed six bales of cotton to be deposited in the warehouse of Vaughn & Arrington, in Camden, for and on account of Hicks, Arrington & Co.; that four of the six bales were deposited and receipted for by the warehouse-men, in the name of Hicks, Arrington & Co., which receipt was delivered to them by the carrier, who took the cotton to the warehouse, and the other two were sold by the carrier to one of the warehouse-men on his own account, and by the warehouse-man, were converted to his use and disposed of on his own account. It is in proof, also, that the two bales, which were sold by the carrier to one of the warehouse-men, and by him converted, were the same two bales for the value of which this suit is brought. There was no proof that Hicks, Arrington & Co., or either of the firm, ever requested or directed the appellee to deliver any of the cotton in question, on their account, at the warehouse of Vaughn & Arrington, in Camden, or that they ever derived any benefit from the two bales sold by the carrier to the warehouse-man. This is the substance of all the proof. On this there was a finding in favor of the appellee against the appellant for $34 03. We are at a loss to conceive how it was possible for the jury to have found for the appellee for any amount. There is a total want of evidence to prove any liability on the part of Hicks, Arrington & Co., growing out of the two bales of cotton sold and delivered by the carrier, employed by the appellee, to one of the proprietors of the warehouse of Vaughn & Arrington, in Camden. It was not taken to that warehouse by the request of Hicks, Arrington & Co.,— they did not derive any benefit from it—did not know, as far as the proof shows, that it was there—it was not shipped on their account. Then, why make them liable, and require them

to pay for this cotton? Certainly there is no principle of law that would render Hicks, Arrington & Co., or either of them, liable for the value of this cotton, under the state of facts shown by the transcript in this case. The proof shows that the carrier selected by the appellee to take his cotton to the warehouse of Vaughn & Arrington, and deliver it there on account of Hicks, Arrington & Co., acted in bad faith towards his principal—sold it to a stranger to Hicks, Arrington & Co., and converted the proceeds, in all probability, to his own use and for his own benefit. If the appellee has a remedy, which he certainly has, it is against his faithless bailee, who sold and converted the proceeds of his cotton, and not against Hicks, Arrington & Co., who had no connection with it, and are not shown by the proof to have derived any benefit from it. This case falls completely within the rule, as laid down by this Court in *Floyd vs. Ricks*, 14 *Ark.* 297; *Russell vs. Cady*, 15 *Ib.* 552; *Wallace vs. Brown*, 17 *Ib.* 449.

We hold, therefore, that the Court below did err in overruling the motion for a new trial on this ground.

4. Did the Court err in giving judgment against the appellant for costs, under the circumstances?

The appellee recovered judgment against the appellant before the justice for the sum of $35 03. He declared himself aggrieved by this judgment, and appealed therefrom to the Circuit Court for the purpose of testing the fact. The case was tried anew in the Circuit Court, and it resulted in a verdict and judgment for the appellee for the amount of $34 03, just one dollar less than the amount recovered by him before the justice. The appellant, then, made good his appeal, and was really aggrieved to the amount of one dollar! Judgment should have been rendered for the appellant in the Circuit Court, for the costs of that Court, and for the appellee for the costs of the justice's court. See *Dig.*, *sec.* 21, *chap.* 40, *p.* 283.

The appellant was not, however, entitled to a new trial for this error. The judgment should have been set aside at any time during the term, and one rendered in conformity to law.

This not having been done, if there was no other error, we should have to reverse the judgment, and direct the Court below to enter judgment on the verdict in accordance herewith. But as there is other error, the judgment is reversed on both grounds.

Absent, Mr. Justice SCOTT.