## TURNER v. STROUD.

1. ACTION: *Right of, in holder of promissory note.*
   The holder of a promissory note may sue on it whether he holds it as collateral or in his own absolute right.

2. PRACTICE IN CIRCUIT COURT: *Entering judgment without disposing of plea.*
   It is error to render judgment for a plaintiff without disposing of the defendant's plea. But if the plea presents no defense, the judgment will not be reversed in the Supreme Court.

APPEAL from *Bradley* Circuit Court.
Hon. T. F. SORRELLS, Circuit Judge.

*Dodge & Johnson*, for appellant.

### STATEMENT.

ENGLISH, C. J.　James Stroud sued Samuel H. Turner, in the Circuit Court of Bradley county, on two promissory notes, for $300 each. The complaint follows:

"The plaintiff, James Stroud, states that he is the holder of two promissory notes, as collaterals, made payable to him, dated the nineteenth of April, 1876, and payable respectively January 1, 1877, and January 1, 1878, for $300 each, bearing interest at ten per cent. from date until paid, and executed by defendant, S. H. Turner, no part of either of which, as to interest or principal, has been paid, but are now due and owing, and both of said notes are hereto attached, as exhibits A and B. Plaintiff prays judgment for both of said notes," etc.

Both of the notes filed with the complaint are payable to James Stroud or bearer.

Turner v. Stroud.

Defendant filed a motion, stating that the complaint was defective, by reason of uncertainty in this: That it stated that the plaintiff was the holder of two promissory notes, as *collaterals*, made payable to himself, and praying the court to compel plaintiff to make his complaint more certain and definite, as to whether he was the owner of said two notes, or whether he held them as collateral security, and if so, for what he so held them.

Defendant, at the same time, and before the court had taken any action on this motion, filed an answer, with five paragraphs.

In the first paragraph he alleged that it was not true, as stated in the complaint, that plaintiff held the two notes sued on as collaterals.

In the second paragraph it was alleged, in substance, that defendant did not owe the two notes sued on, because at the time, and before the execution and delivery of said notes, one John Walker and Jephtha Oliver were indebted to plaintiff in the sum of about $600, and plaintiff contracted with defendant that if defendant would execute and deliver to the plaintiff two promissory notes for $300 each, he would release said debt due him from said Walker and Oliver. That in accordance with said agreement, defendant executed and delivered to plaintiff the two notes sued on. That the only and sole consideration for said notes was the release of said Walker and Oliver from said debt. That plaintiff, in disregard of said contract, did not release them from said indebtedness to him, but on the contrary, had, since the delivery of said two notes to him, endeavored, and still was endeavoring, to enforce the collection of the same.

The third paragraph was a plea of set-off for a smutter, of the value of $40, alleged to have been sold by defendant to plaintiff.

The fourth paragraph was also a plea of set-off for $17.51, for a bill of lumber, alleged to have been sold by defendant to plaintiff.

Defendant prayed judgment for $57.51, the aggregate amount of the two demands pleaded in the third and fourth paragraphs as off-sets.

Plaintiff demurred to the first paragraph of the answer, on the ground that it was not, in law, a sufficient defense to the complaint. The court sustained the demurrer, and defendant rested, declining to answer further, and plaintiff admitted the off-sets for $57.51, and asked judgment for the balance due on the two notes, which was, by the court, granted and entered, and defendant appealed.

OPINION.

1. ACTION: Right of, in holder of promissory note.

I. The court did not err in sustaining the demurrer to the first paragraph of the answer. The notes sued on were made payable to appellee, and he was the holder of them, and he could sue on them, whether he held them as collaterals or in his own absolute right.

2. PRACTICE: Rendering judgment without disposing of a plea.

II. But the court rendered judgment against appellant without making any disposition whatever of the second paragraph of the answer. If it was deemed not to state facts sufficient to constitute a defense, it should have been met by demurrer, otherwise it stood for trial. It is error to enter judgment without disposing of a plea. *Jordan* v. *Mewborn*, 8 *Ark.*, 502. If the plea presents no defense, however, the judgment should not be reversed, and the cause remanded merely to get rid of a bad plea. *Briarly* v. *Peay, Receiver*, 23 *Ark.*, 172.

The second paragraph of the answer seems to have been intended as a plea of failure of consideration—that the notes in suit were executed to appellee upon the sole consideration that he would release Walker and Oliver from a debt

Turner v. Stroud.

which they owed him, and that he did not release them as agreed, but in disregard of his contract, had been, and was endeavoring to enforce the collection of the debt.

Whether this presented a good defense, or might have been made good by the statement of additional facts, had a demurrer been interposed, sustained, and leave given to amend, we do not deem it proper to decide on this appeal.

III. It may be remarked that but little attention was paid by the pleaders in this case, to the Code requirements as to paragraphing.

When the complaint contains more than one cause of action, each should be distinctly stated in a separate paragraph [count at common law] and numbered. *Gantt's Digest*, sec. 4563.

In this case the two notes sued on were put into one paragraph of the complaint.

In the answer defendant may set forth as many grounds of defense, counter-claim and set-off, whether legal or equitable, as he may have. Each must be distinctly stated in a separate paragraph and numbered. *Ib.*, 4569.

Here, in pleading appellant's set-off, an open account of various items, the *smutter* was put in one paragraph, and the bill for lumber in another. The aggregate sum claimed in the two paragraphs was below the jurisdiction of the court, but appellee consented to allow it as a credit on the notes.

For the error in entering judgment against appellant without making any disposition of the second paragraph of his answer, the judgment must be reversed, and the cause remanded for further proceedings.