## HIGHT *v.* HARRIS.

### Opinion delivered April 16, 1892.

*Sale of chattel without delivery—Innocent purchaser takes title.*

> The owner of a mule offered to sell it to plaintiff, who thereupon paid for it, under an agreement that the vendor should retain possession until a subsequent day. In the meantime defendant purchased the mule from the owner in good faith and took immediate possession. In a suit by plaintiff to recover the mule, *held*, there was evidence to support a finding of fact that there was no such legal delivery to plaintiff as would complete the contract of sale and protect plaintiff's title from an innocent purchaser.

Appeal from Washington Circuit Court.

E. S. McDANIEL, Judge.

*J. D. Walker* for appellant.

The sale and delivery to appellant were sufficient to vest the title in him as against a subsequent purchaser. 8 Ark. 213; 19 *id.* 567; 1 Benj. Sales, p. 12, sec. 6. Retention of possession by vendor is not conclusive proof of fraud. 54 Ark. 307.

*B. R. Davidson* for appellee.

Where there is a contract for future delivery or at a given place, the title does not pass until such delivery. Benj. on Sales, sec. 325; 113 Mass. 391–4; 101 Ill. 138. In this case there was no delivery, and hence no title passed as against subsequent purchasers without notice. 25 Ark. 553; 31 *id.* 136; 47 *id.* 214; 54 *id.* 308; 95 U. S. 683; Chitty, Cont. (10th ed.) 406; 14 Metc. 303; 19 Pick. 9; 6 Allen, 413; 3 Cr. 354; 5 Whart. 445; 44 Penn. St. 407; 8 B. Mon. 11.

HUGHES, J.   On the 29th day of September, 1890, one Largent went to the residence of the appellee, and proposed to sell him a mule colt.   They agreed upon the price, and that the mule should be paid for on delivery. On the next day, Largent went to the town of Fayetteville, riding a mare which the mule followed.   He offered the mule for sale to the appellant, who paid him the price they agreed upon, and it was agreed that Largent should deliver the mule to appellant on the 15th of the following month at Fayetteville.   Largent left appellant's house, riding the mare, the mule colt following. Late in the afternoon of the same day, which was the 30th of September, Largent rode up to the house of appellee, sold him the mule for forty-five dollars, received the money, and went on.

Appellant sued to recover possession of the mule. The court sitting as a jury found the facts and declared the law for the appellee, and gave judgment accordingly, from which this appeal was taken.

If it was a part of the original agreement and understanding between Hight and Largent that the mule was not to be delivered till the 15th of October, the title to it did not pass so as to protect the vendee against a subsequent innocent purchaser from Largent.   But if, at the time of contract between Largent and the appellant, it was understood between them that the mule was then delivered and by the appellant permitted to remain in the possession of Largent as his bailee, to be returned to him on the 15th of October, this was a legal delivery, though there was no actual change of possession, and the title to the mule vested in the appellant.   Legal delivery, and not a visible change of possession, is all that is demanded to protect the vendee's title.   *Shaul* v. *Harrington*, 54 Ark. 307.   There was no proof of any fraud in the case.

Under our decisions, the retention of possession by the vendor of personal property after sale is not a conclusive presumption of fraud. Whether there was a delivery, within *Shaul* v. *Harrington*, was a question of fact. We cannot say there was not evidence to warrant the finding of the court.

The judgment is affirmed.