BURTON *v.* BLYTHEVILLE REALTY COMPANY.

Opinion delivered June 9, 1913.

1.  COUNTERCLAIM AND SET-OFF—WHAT CLAIM MAY BE USED AS SET-OFF.
    —Under Kirby's Digest, § 6001, which provides that "A set-off can only be pleaded in an action founded upon a contract, and must be a cause of action arising upon contract or ascertained by the decision of a court." *Held,* where plaintiff brought an action against the members of an old partnership on a joint and several liability, an account due from plaintiff to a new partnership could be availed of as a set-off, although the new partnership consisted of persons different from the old.  (Page 413.)

2.  COUNTERCLAIM AND SET-OFF—LIQUIDATED DAMAGES.—The damages in a cause of action for brokers' commissions are not unliquidated and unavailing as a set-off, when there is no controversy over the price to be paid for the services; the only issue being whether the services had been performed.  (Page 414.)

Appeal from Mississippi Circuit Court, Chickasawba District; *W. J. Driver,* Judge; affirmed.

*Appellant, pro se.*

1. The rent contract and notes sued on were individual contracts made with Green, Houchins and Crockett, doing business as the Blytheville Realty Company, and the alleged commission sales were separate and distinct contracts, not related to, connected with or growing out of, the rent contract, and entered into with separate parties. The account for commission sales can not be set off against appellant's claim. Kirby's Dig., § 6099; 27 Ark. 490, 491; 66 Ark. 400-408, 412; 95 Ark. 488; 83 Ark. 283; 12 Ark. 318; 64 Ark. 551; 72 Ark. 44.

2. The demands of appellees are for unliquidated amounts, and can not be set off against appellant's claim. 43 N. E. 1089; 161 Ill. 339; 66 N. W. 834, 836; 47 Neb. 875.

*Appellee, pro se.*

The basis of this action is not the rent contract but the notes executed by the defendant company to appellant. Where appellees were sued upon these notes; they not only had the right, but, under the statute, it was their duty to plead the account for commissions on sales as a set-off or counterclaim. Kirby's Dig. § § 6101, 6104; Anderson's Law Dict. 943; 34 Cyc. 629; 16 Ark. 97, 100; 51 Ark. 370; 14 Ark. 668.

The fact that Suggett succeeded Crockett as a member of partnership does not abrogate appellees' right to plead the set-off. Moreover, want of mutuality was not pleaded, nor raised by exception to the evidence. 72 Ark. 44. See also 101 Ark. 493; 93 Ark. 503.

McCULLOCH, C. J. Appellant instituted this action to recover the amount of a series of notes executed by appellees, a partnership composed of C. V. Green, H. H. Houchins and T. A. Crockett, doing business under the style and firm name of Blytheville Realty Company.

After the execution of the notes T. A. Crockett sold out his interest in the firm to O. B. Suggett, who succeeded him.

Appellees answered admitting the execution of the notes, but pleaded, by way of set-off, several items for

commissions on sales of real estate made by them for appellant.

The record is imperfectly abstracted and does not show what the judgment of the court was, but there is enough in the abstract to show that appellant raised the question as to the right of the appellees to plead their claim against appellant for commissions against their liability on the notes executed to appellant.

It is contended, in the first place, that appellant's claim being based upon the joint and several liability of Green, Houchins and Crockett, and the account for the alleged commissions being due from appellant to the new firm composed of Green, Houchins and Suggett, the latter can not be pleaded as a set-off against appellant's claim.

Our statute on the subject reads as follows:

"A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract or ascertained by the decision of a court." Kirby's Digest, § 6101.

It will be observed that the statute does not define a set-off nor undertake to limit the right to plead it except in the particular expressly named.

This court, in the case of *Leach* v. *Lambeth,* 14 Ark. 668, decided that "a debt due from a sole plaintiff to one of several defendants, may be pleaded under the statute as a set-off, by the defendant to whom such debt is due."

Of course, if it can be pleaded by one of the defendants, it inures to the benefit of all so far as there being any recovery in the cause, for if it extinguishes the debt of the plaintiff there can be no recovery against any of the defendants.

Our statute at the time that decision was rendered used language somewhat different, but the effect was the same under the present statute so far as the question now presented is concerned. At that time the statute on the subject of set-off provided:

"That when two or more persons are mutually indebted to each other, and one of them commences an

action against the other, one debt may be set-off against the other, although they may be of a different nature."

The court in the case just cited said that the statute being remedial it should be construed liberally.

The Kentucky Court of Appeals, under a statute quite similar in its terms, decided that one of several defendants could set-off his separate demand against a plaintiff who sued upon a joint and several contract. *Dunn* v. *West,* 5 B. Monroe, 376; *Powell* v. *Hogue,* 8 B. Monroe, 443. In reaching that conclusion the court said:

"The plaintiff can not be injured by discharging his own liability. There is no other person jointly interested with him in the debt, to be prejudiced by it; and as it is a voluntary assumption of the payment of the whole by one defendant, the other defendants jointly bound with him have no cause to complain."

This disposes of the first of appellant's contentions.

The other is that a claim which is in dispute can not be made the subject of a set-off.

That contention is not correct. It is true that we have held that unliquidated damages for breach of contract can not be made the subject-matter of set-off. *B. A. Stevens Co.* v. *Whalen,* 95 Ark. 488, and cases cited.

Our statute was taken substantially from the Kentucky statute on the subject, and the highest court of that State reached the same conclusion. *Shropshire* v. *Conrad,* 2 Metcalf (Ky.), 143.

But the claim of appellees was not unliquidated. There was a dispute whether the appellees had performed services in selling property under contract with appellant, but the verdict of the jury settled that issue, and it does not appear that there was any controversy as to the price to be paid for the services performed, at least, the abstract furnished by appellant does not disclose any dispute on the subject.

Therefore, the rule concerning unliquidated damages does not apply in this case.

The record is free from error so far as appears from the abstract, and the judgment is therefore affirmed.