COATS v. MILNER.

Opinion delivered May 13, 1918.

1. PARTNERSHIP—PARTNERSHIP ACCOUNT—PARTNERS MAY BE SUED SEPARATELY.—A person having a cause of action against a firm on a partnership contract, may sue one or more of the partners at his election.

2. TORTS—ACTION AGAINST JOINT TORT-FEASOR.—A person damaged may sue one or more of several joint tort-feasors, although, of course, only one satisfaction of the damage may be had.

3. COUNTER-CLAIM—WHAT MAY BE THE SUBJECT OF.—Under the act of 1917, p. 1441, Act No. 267 amending Kirby's Digest, § 6099, a cause of action arising either upon contract or tort may form the subject-matter of a counter-claim in any action for the recovery of money, and this may be done in any case where liability could be asserted in an original action brought against the plaintiff. Any suit which the defendant could maintain as an independent cause of action is by this amendatory act made a proper subject-matter for a counter-claim.

4. COUNTER-CLAIM AND SET-OFF—RULES GOVERNING.—Under Act No. 267, p. 1441, Acts 1917, amending Kirby's Digest, § 6099 and § 6101, persons who have gone to law may, in a single suit settle all matters in dispute between them, whether the respective causes of action grow out of the same, or different, contracts, or whether they arise upon contract or arise out of some tort.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; reversed.

*W. P. Smith,* for appellants.

The court erred in sustaining the demurrer. Kirby's Digest, § § 6099, 6101 as amended by Act No. 267, Acts 1917, p. 1441.

*Ponder, Gibson & Ponder,* for appellees.

1. Creager was not a party. No service was had on him.

2. The cross-complaint did not properly set out any damages for which appellants were entitled to recover. The demurrer was properly sustained. 56 Ark. 603; 33 *Id.* 545; 95 *Id.* 363; 148 S. W. 269; 80 Ark. 228; 36 *Id.* 518. The damages claimed must have been in contemplation of the parties at the time the alleged contract was entered into. 148 S. W. 1035; 75 Ark. 469; 72 *Id.* 275.

SMITH, J. Milner sued Coats for $400 on a promissory note. Coats filed an answer and cross-complaint in which the execution of the note was admitted but which alleged the fact to be that Milner and one Creager were liable as partners to Coats by way of damages in the sum of $800 for the breach of a contract to sell and deliver a sawmill. Milner demurred to the cross-complaint on the grounds that the damages claimed could not be recovered in this action and for the further reason that the complaint did not sufficiently allege what the recoverable damages were. The demurrer was sustained, and this appeal questions the correctness of that action.

(1) It appears that the allegations in regard to the recoverable damages in the cross-complaint are indefinite and uncertain; but that defect in the pleading should have been reached by a motion to make more definite and certain, rather than by demurrer. That, however, does not appear to be the question which was regarded by the court below as of controlling importance. The controlling question is whether such damages are the subject of a counterclaim against Milner's suit on the note. Counsel for Milner call attention to the fact that although Creager was made a defendant in the cross-complaint no service of process was had upon him, and that Creager is not, therefore, before the court. This failure to serve Creager with process is not fatal to the prosecution of the counter-claim if the right to its prosecution otherwise exists. The cross-complaint alleged that Milner and

Creager were partners, and as such their liability is both joint and several. Early opinions of this court decided that it was competent for a person having a cause of action against a firm on a. partnership contract to sue one or more of the partners at his election. *Hicks v. Manees,* 19 Ark. 701; *Hamilton v. Buxton,* 6 Ark. 24; *Burgen v. Dwinal,* 11 Ark. 314.

(2) And it is equally as well settled that the person damaged may sue one or more of joint tort-feasors, although, of course, only one satisfaction can be had either of the debt or the damages.

The decision of the question presented turns upon the construction of Act No. 267 of the Acts of 1917, p. 1441. This act is entitled "An Act to Amend Sections 6099 and 6101 of Kirby's Digest."

Section 6099 of Kirby's Digest reads as follows:

"The counter-claim mentioned in this chapter must be a cause of action in favor of the defendants, or some of them, against the plaintiffs, or some of them, arising out of the contract or transactions set forth in the complaint, as the foundation of the plaintiff's claim or connected with the subject of the action."

This section is amended to read as follows: "The counter-claim mentioned in this chapter may be any cause of action in favor of the defendants, or some of them, against the plaintiffs, or some of them."

It is apparent that the effect of the amendatory act, so far as it amends that section, is to omit the portion reading as follows: "arising out of the contract or transactions set forth in the complaint, as the foundation of the plaintiff's claim or connected with the subject of the action."

Section 6101 of Kirby's Digest reads as follows:

"A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract or ascertained by the decision of a court."

This section is amended by the Act of 1917 to read as follows: "A set-off may be pleaded in any action for the

recovery of money, and may be a cause of action arising either upon contract or tort.''

While under section 6099 of Kirby's Digest the counter-claim could be a cause of action in favor of the defendants, or some of them, against the plaintiffs, or some of them, it was essential that this cause of action constituting the counter-claim should arise out of the contract or transaction set forth in the complaint and forming the basis of the plaintiff's suit; but the amendatory act strikes out the requirement that the counter-claim shall arise out of the contract or transaction set forth in the complaint.

(3-4)  Under section 6101 of Kirby's Digest, a set-off could only be pleaded in an action founded on contract, and could only be some cause of action which arose out of a contract or some demand which had been ascertained by the decision of a court.  It had been expressly held that a claim for unliquidated damages could not form the basis of a counter-claim, unless the damages flowed from the cause of action sued on.  But under the amendatory statute it is now provided that a set-off may arise either upon contract or upon tort.  So that, since the passage of the Act of 1917, set out above, the law is that a cause of action arising either upon contract or tort may form the subject-matter of a counter-claim in any action for the recovery of money, and this may be done in any case where liability could be asserted in an original action brought against the plaintiff.  Any suit which the defendant could maintain as an independent cause of action is by this amendatory act made a proper subject-matter for a counter-claim.  In other words, the manifest purpose of the Legislature was to permit persons who have gone to law to settle, in a single suit, all matters in dispute between them, whether the respective causes of action grow out of the same, or different, contracts, or whether they arise upon contract or arise out of some tort.

It follows, therefore, that the demurrer should not have been sustained to the cross-complaint, but that the

parties should have been permitted to litigate, as a single suit, their respective causes of action.

The judgment of the court below will, therefore, be reversed and the cause remanded with directions to overrule the demurrer.