## FUNK *v*. YOUNG.

### Opinion delivered March 3, 1919.

1. BANKS AND BANKING—INSOLVENCY OF BANK—SET-OFF BY DEPOSITOR.—Where a bank becomes insolvent, depositors may set off deposits against notes held by the bank, to the end that only the true balance may be required to be paid to the representative of the bank.

2. BANKS AND BANKING—INSOLVENCY.—A receiver of an insolvent bank is not an innocent purchaser of its notes and takes them subject to any equities that would be good against the bank itself.

3. SAME—INSOLVENCY—RIGHTS OF ASSIGNEE.—One to whom notes of an insolvent bank had been assigned by its receiver or by the bank commissioner acquires only the rights of the bank, and the

maker of a note may set off against it debts owing to him by the bank.

4.  PLEADING—AMBIGUITY.—Incomplete, ambiguous or defective aver-
    ments of an answer may be reached by motion to make them
    more definite and certain.

5.  PLEADING—INTENDMENT.—In determining the sufficiency of any
    pleading, every fair and reasonable intendment must be indulged
    in its support.

6.  BANKS AND BANKING—ACTION ON NOTE—SET-OFF.—One having a
    deposit in an insolvent bank as trustee for another could set off
    his claim therefor in a suit on a personal note due by him to the
    bank.

Appeal from Benton Circuit Court; *J. S. Maples,*
Judge; reversed.

### STATEMENT OF FACTS.

Towne Young, trustee, brought suit against Funk &
Son, E. M. Funk and Erwin C. Funk to recover the
sum of $149.40 and the accrued interest alleged to be
due him on a promissory note. The note is dated April
27, 1914, at Rogers, Arkansas, and is signed by Funk &
Son, E. M. Funk and Erwin C. Funk. The face of the
note was for $200 and was due and payable to the order of
the Bank of Rogers sixty days after date with interest
at the rate of ten per cent. per annum from maturity
until paid. The note had the following endorsements
on the back of it:

"Bank of Rogers by W. E. Talley, Pres."

"Paid Dec. 18-16 $100, J. R. D."

"For value received I hereby assign and transfer
the within note to Towne Young, Trustee. John M. Da-
vis, Bank Commissioner."

The defendant filed an answer to the complaint as
follows: "They deny that they are indebted to the
plaintiff in the sum of $149.40, or in any other sum.

"*Second.* Defendants further answering, admit
that on April 27, 1914, they executed their promissory
note to the Bank of Rogers for the sum of $200, bearing
ten per cent. interest from date, and admit that there
was endorsed as paid thereon $100, December 18, 1916.

"*Third.* That on the _____ day of July, 1914, the said Bank of Rogers being insolvent closed its doors and was with all its assets taken over by John M. Davis, State Bank Commissioner, and the affairs of said bank are now in process of settlement in the Benton Chancery Court. That at the time the said bank failed, defendant Erwin C. Funk, had on deposit in said bank subject to check the sum of $25.06; that the firm of Funk & Son had on deposit in said bank subject to check, the sum of $8.37. That there is due and owing the defendants, E. M. Funk and Erwin C. Funk, members of the firm of Funk & Son, $33.43, and interest which they are entitled to have set off against the said note in suit.

"*Fourth.* Defendant, E. M. Funk, further answering for himself, says: That on the _____ day of the _____ 19____, he, as trustee for S. C. Walters, deposited in said bank, for which he was personally responsible to S. C. Walters, on time deposit, the sum of $300; that at the time the aforesaid bank failed there was due and owing him as such trustee from said bank the sum of $300. That about July, 1914, a short time before the said bank closed its doors he received from said bank, a bank draft for $4.20, being for the interest due on the aforesaid time deposit; that the bank failed before the draft could be presented for payment, and defendant avers that he is entitled to have the same applied towards the payment of said note.

"*Fifth.* That the said several sums above mentioned as owing from the Bank of Rogers to defendants, Funk & Son, E. M. Funk and Erwin Funk, have been filed with the bank commissioner and have been allowed as subsisting claims against the bankrupt estate of the said Bank of Rogers; that 27 per cent. of said claims have been paid, leaving due and owing these defendants, jointly 73 per cent. thereof.

"Defendants pray that the amount of the several sums unpaid and found due and owing these defendants as above set forth and mentioned, or so much

thereof as may be necessary be allowed as set-off against the amount that may be found due and owing plaintiff on the note in suit; that the plaintiff take nothing from defendants, for their costs and for all proper relief.''

Subsequently they filed an amendment to the answer which is as follows: ''Wherein they say that on the 22nd day of January, 1916, subsequent to the maturity of the note sued on plaintiff purchased from John M. Davis, State Bank Commissioner, all of the assets of the said Bank of Rogers, including the note in controversy, and defendants aver that plaintiff purchased the said note subject to the equities of the defendants.''

The answer was duly verified by E. M. Funk. The defendants also filed a motion to transfer the case to equity. The plaintiff filed a demurrer which was sustained by the court. The judgment recites that the defendants refused to plead further, but elected to stand upon their answer and cross-complaint and that the court found that the defendants were indebted to the plaintiff in the sum of $174.50 as principal and interest on the note.

Judgment was rendered against the defendants in favor of the plaintiff for that amount and the defendants have appealed.

The appellants *pro se.*

The court erred in sustaining the demurrer. Defendants admit the execution of the note and their joint and several liability and the only question is, did the court err in sustaining the demurrer to the answer as amended? At the time the note was executed —the note to the Bank of Rogers—it was a going corporation and defendants were regular patrons of the bank carrying deposit accounts, joint and several, and at the time it closed its doors and was taken over by the bank commissioner, Funk & Son and Erwin Funk had small deposits. A demurrer to an answer admits the allegations thereof to be true. 102 Ark. 470; 104 *Id.* 466. Thus the bank was indebted to defendants on these several deposits when it failed and the note sued on be-

ing a joint and several obligation, defendants are entitled to have credited the amounts of their deposits or enough to extinguish their joint and several liability on the note. By a general deposit the bank becomes debtor of the depositor and bound to pay same upon demand, or order, and the depositor is entitled to offset the amount of his deposit against the bank's demand. 98 Ark. 299; 69 *Id.* 47; 146 U. S. 499; 13 Sup. C. Rep. 627. Since the passage of Act 267, Acts 1917, a cause of action of either on contract or tort may be the subject-matter of counter-claim in action for recovery of money. *Coats* v. *Miller,* Ark. Law Rep., July 13, 1918, p. 318. Hence defendants may offset against their joint and several liabilities on the note any debt due them from the Bank of Rogers or its assigns. 54 Wis. 103; 2 Ann. Cases 600 and note; 1 Ala. 95; 14 Ark. 668; 5 B. Mon. (Ky.) 376. Plaintiff did not purchase the note in due course, but took an assignment after maturity from the bank commissioner, and he took subject to all the defenses which the makers had against the assignor. Receivers of insolvents are not purchasers for value without notice but personal representatives of the insolvents and take their assets subject to all set-offs, liens and encumbrances as they exist at the time of their appointment. 94 Ark. 294; 34 Cyc. 195-6. The pleadings show that the note was past due and that appellee did not purchase in due course of business. An endorsee of a note after maturity takes no greater rights than his endorser had. 76 Ark. 245; 10 Pac. 331; 69 Cal. 124; 4 Words and Phrases 3566. See also 2 Words and Phrases (2 series) 163; 41 L. R. A. (N. S.) 391; 38 Ark. 127; 39 *Id.,* 306. The demurrer is a general one and if either one or more of the items set out in the answer states a cause of defense the demurrer should have been overruled. 72 Ark. 29; 37 *Id.* 32.

If a cause of action can be reasonably inferred from the allegations of a complaint it is not subject to a general demurrer. 93 Ark. 371; 102 *Id.* 287. In determining the sufficiency of any pleading, either action or de-

fense, every intendment must be indulged in support of such pleadings. 96 Ark. 163; 110 *Id.* 130; 125 *Id.* 464.

Where a complaint at law states a good cause of action in equity and defendant demurs, the demurrer should be treated as a motion to transfer to equity. 107 Ark. 70.

*W. N. Ivie,* for appellee.

The demurrer, which was general, was sustained properly, as the answer set up no valid offset or defense to the complaint. The many cases cited by appellants are not in point. No case of set-off was alleged in the answer. 51 Ark. 368; 36 *Id.* 228; 3 Cyc. 750; 72 Ark. 44; 23 *Id.* 33; 7 *Id.* 520. As to the $300 deposited by Erwin Funk as trustee that could not have been a good offset even against the Bank of Rogers. 13 Ark. 563.

Where a bank fails there is no legal obligation that its notes shall be received as a set-off against debts due it. 13 Ark. 563.

Under the act of March 3, 1913, our banking law, it was appellants' duty upon the failure of the bank to file their claims with the Bank Commissioner, and if not allowed suit must be brought within six months. The admitted facts show that this note was not sold to appellee until long after the six months allowed by law had expired. No cause of action was stated in the answer against appellee.

The appellants *pro se* in reply cite 72 Ark. 83.

HART, J., (after stating the facts). The court erred in sustaining the plaintiff's demurrer to the defendants' answer and cross-complaint and in rendering judgment in favor of the plaintiff against the defendants for the amount sued for.

In *Steelman* v. *Atchley,* 98 Ark. 294, the court held that the relation between a bank and a general depositor being that of debtor and creditor, if a bank becomes insolvent, a depositor who is also indebted to the bank may set off the amount of his deposit in an action by the receiver or assignee of the bank to recover on the in-

debtedness due the bank. The trend of all modern decisions is toward liberality in the allowance of set-offs in the case of insolvency of the party against whom the set-off is claimed to the end that only the true balance may be required to be paid to the representative of the estate of the insolvent. In such cases a receiver is not an assignee for a valuable consideration in the ordinary sense of that term and by operation of law the rights and property of the bank pass to him precisely in the same condition and subject to the same equities as the corporation held them. So it is the well established rule that a receiver takes the claims in favor of the bank subject to all the equities between the bank and its depositors. See case note to Ann. Cas. 1917 C at p. 1188 and note to Ann. Cas. 1916 D at p. 599. Under our statutes the Bank Commissioner takes the place of a receiver of an insolvent bank. Section 51 of Act 113 of the Acts of Arkansas, 1913, p. 462.

It is also deducible from the authorities cited above that the assignee of the receiver is entitled to no greater rights than were possessed by the receiver. The reason is that he only purchases the rights of the bank and a note or demand held by an insolvent bank against a third person is an asset of the bank only so far as there may be a balance due upon the same after deducting whatever the bank may be owing the person against whom the demand is held. Our statute, Kirby's Digest, section 6098, provides that the defendant may set forth in his answer as many grounds of defense, counter-claim and set-off, whether legal or equitable, as he shall have. Sections 6099 and 6101 of Kirby's Digest defining, respectively, counter - claims and set - offs have been amended by Act No. 267 of the Acts 1917, p. 1441. As amended the counter-claim may be a cause of action in favor of the defendants or some of them against the plaintiffs or some of them. A set-off may be pleaded in any action for the recovery of money and may be a cause of action arising either upon contract or tort. So the court has held that in a suit on a promissory note

the parties may settle all matters in dispute between
them whether the respective causes of action grew out of
the same or different contracts or whether they arise
upon contract or arise out of some tort. *Coats* v. *Mil-
ner,* 134 Ark. 311.

In the application of this statute to the facts of the
present case, it is readily apparent that Erwin C. Funk
had the right to set off against the claim of the plaintiff
the sum of $25.06, which he had on deposit in the bank
at the time of its failure and that the firm of Funk &
Son had a right to set off the sum of $7.87, which the
firm had on deposit in the bank at the time it became
insolvent.

It therefore follows from the principles of law
above announced that the court erred in sustaining the
demurrer to the answer and cross-complaint of the de-
fendants and in not allowing the set-offs above referred
to as claimed by the defendants. For this reason alone
the judgment must be reversed and the cause remanded
for a new trial.

In the fourth paragraph of the answer the defend-
ant, E. M. Funk, further answering for himself avers
that at the time the bank became insolvent there was due
and owing him as trustee from the bank the sum of $300;
that he had deposited this sum in the bank as trustee
for S. C. Walters and that he was personally responsi-
ble to Walters for said sum.

In *Dickerson* v. *Hamby,* 96 Ark. 163, the court held
that where the averments of an answer are incomplete,
ambiguous or defective, the remedy is a motion to make
them more definite and certain. The court further held
that in determining the sufficiency of any pleading,
every fair and reasonable intendment must be indulged
in to support such pleading, and an answer is not de-
murrable if the facts stated, with every reasonable in-
ference to be drawn therefrom constitute a good defense.
See also *Jonesboro, L. C. & E. Rd. Co.* v. *Board of Di-
rectors of St. Francis Levee Dist.,* 80 Ark. 316.

Tested by this rule we think that the demands of the plaintiff and of the defendants were mutual demands and that the assignee of the insolvent bank having sued the defendant for the collection of the debt due to the insolvent estate, the defendants may set-off the debt due to them or either of them from the insolvent estate and account for the balance only. In other words, we think it fairly inferable that the language of the paragraph of the answer just referred to was merely descriptive of the person of the defendant, Funk, and did not alter the right of the depositor to have mutual claims that are due the bank and himself set off against each other. This view is strengthened by the averment that the defendant is personally liable for the amount so deposited by him. Michie on Banks and Banking, vol. 2, p. 1060, sec. 135 (1b) and cases cited; *Laubach* v. *Leibert,* 87 Pa. 55, and *Miller* v. *Franklin Bank* (N. Y.), 1 Paige 444.

In the last mentioned case it was held that the public administrator of the city of New York is entitled to offset against a debt due from him to the bank a demand for deposits in the bank, whether made in his own name or as public administrator. The court said that as between him and the bank he stood in the same situation that an attorney would, who had deposited in the bank for safe keeping the moneys collected for different clients, in one general account in his name as attorney, to be drawn out on his own check when called for. The court further said that in neither case could the bank object to paying the money to the depositor, or to allow it to be offset against a demand in favor of the bank, unless they had notice from the persons having an equitable claim thereon not to pay it. We think this principle was recognized in the *Bank of Hartford* v. *McDonald,* 107 Ark. 232, where the court held that a trustee with full control over the trust funds in a bank may draw them out at his will, and the bank incurs no liability in permitting this to be done so long as it does not participate in any breach of trust resulting in any misapplication of the funds.

It follows that the judgment must be reversed and the cause will be remanded for further proceedings according to law and not inconsistent with this opinion.