MOUNT OLIVE STAVE COMPANY *v.* WOULFE.

Opinion delivered October 17, 1927.

WILLS — CONSTRUCTION. — Where a testator left half of the remainder of his estate in trust to his daughter, with provisions for advances to be made before the termination of the trust, such advances were to be made from her part of the estate, which consisted of shares of stock in a corporation, so that the corporation may deduct such advancements, made by it to her trustee, from dividends declared after termination of the trust.

Appeal from Independence Chancery Court; *S. C. Knight,* Special Chancellor; reversed.

STATEMENT OF FACTS.

Ethel D. Woulfe, appellee, brought this suit in equity against Mount Olive Stave Company, appellant, and others to vest in her the legal title to a trust estate consisting of shares of stock in appellant and to recover judgment for $3,731.25, accrued dividends upon said shares of stock. Mount Olive Stave Company alone has prosecuted this appeal, and, for that reason, it is only necessary to state the facts in so far as they affect its rights.

George W. Walbert died testate in the State of Arkansas, leaving property which is the subject-matter of this litigation. After making several small bequests

to various relatives, he left the residue of his property to Edna M. Walbert and Ethel Drummond, now Ethel D. Woulfe, appellee in this action. Edna M. Walbert was the wife of said George D. Walbert, and he left to her one-half of the remainder of his estate, real and personal, of which he might be seized at the time of his death, in lieu of her dower. Appellee was his daughter and sole heir at law. Her rights under the will are practically given by item 10, which reads as follows:

"I direct that the trustee herein named be directed to pay to Ethel Drummond, my daughter, the sum of five hundred dollars per annum, or so much as her circumstances may require, in his judgment, for the period of four years after my decease. After expiration of said four years he shall pay her an annual allowance out of the residue of my estate such as he deems necessary for her welfare until my granddaughter, Cecil M. Drummond, shall attain the age of 20 years. In the event of the decease of my said daughter before the expiration of said four years from the time of my decease, said trustee shall pay said allowance of five hundred dollars, or as much more as circumstances may require, in his judgment, to all of the children of my said daughter during the said four years, share and share alike. And in the event that my granddaughter, Cecil M. Drummond, become deceased before she would arrive at the said age of 20 years, the said trustee shall pay the last named annual allowance to my said daughter for a period of time equal to that as though my said granddaughter had lived to the said age of 20 years."

George W. Walbert died in May, 1926, and his will was duly admitted to probate. Thomas J. Walbert, a brother, was named as executor under the will, and duly qualified as such executor. He was also designated as trustee for appellee under the will, and undertook to act for her in that capacity. Edna M. Walbert accepted the terms of the will, and executed to appellee a written instrument to that effect. Cecil M. Drummond has attained the age of 20 years, and the trust created in

favor of appellee expired by limitation on August 11, 1925.

A part of the trust property left appellee consisted of 1,492½ shares of the capital stock of appellant, of the par value of $37,312.50. The decree of the chancery court vested these shares of stock in appellee, and no complaint is made of the action of the court in this regard.

T. J. Walbert died in May, 1926, without having made any final settlement of the trust estate with appellee. T. J. Walbert was the manager of appellant, and had a large block of stock in said corporation. He had several life insurance policies payable to said corporation, and, after his death, the sums paid to said corporation by the insurance companies enabled it to declare a dividend of ten per cent., and the amount due appellee as such dividend on her shares of stock amounted to $3,731.25. During the lifetime of T. J. Walbert, in the years 1924 and 1925, he made advances to appellee in the sum of $1,357.03 under the provisions of the will. After his death, in 1926, appellant made additional advances to appellee under the will in the sum of $225.83.

J. F. Kennard, bookkeeper for appellant, was a witness for it. He testified in its behalf as to the dates and various amounts advanced by T. J. Walbert to appellee, and said that he kept the books of Mr. Walbert as trustee, and knew that the amounts to which he had testified were paid by said trustee to appellee. He testified further that, from his own personal knowledge, he knew that said amounts were paid by appellant to T. J. Walbert as trustee for Ethel D. Woulfe.

The chancellor was of the opinion that the title to the capital stock should be vested in appellee, and that appellant was entitled to deduct from the amount of dividends which it owed appellee on said stock the sum of $225.83, which had been advanced by it to appellee in 1926, after the death of said T. J. Walbert. The chancellor was also of the opinion that appellant was not entitled to a set-off or deduction for the sum of $1,353.03.

on account of the advancement made by it by said T. J. Walbert as trustee under said will. A decree was entered in accordance with the findings of the chancellor, and this appeal only seeks to reverse the decree of the chancery court in refusing to allow appellant a deduction on the dividend owed by it to appellee for the said sum of $1,353.03.

*John B. McCaleb* and *J. J. McCaleb,* for appellant.

*Ernest Neill,* for appellee.

HART, C. J., (after stating the facts). The decision of the chancellor was wrong. In order to better show the reasons which lead us to this conclusion, it will be necessary to recapitulate under this heading the material facts.

Under the will, the testator, after making small legacies to various relatives, left the remainder of his estate to his widow and appellee, who was his daughter and sole heir at law. He left one-half of the remainder of his estate to his wife absolutely, and the remaining one-half was left in trust to appellee. A brother was named as executor of the will, and was also appointed trustee. Item 10 of the will, which is copied in our statement of facts, deals with the portion of the estate which appellee was to receive. Cecil M. Drummond, the daughter of appellee, mentioned in item 10, has attained the age of 20 years, and it is conceded that the title to the 1,492½ shares of stock in appellant became vested in appellee on August 11, 1925. The trustee named in the will, in carrying out the trust, made advances to appellee in 1924 and 1925 amounting to $1,357.03. The trustee died in May, 1926. The appellant collected several life insurance policies in its favor on the life of said trustee, which enabled it to declare a dividend of ten per cent.

Appellant concedes that appellee is entitled to the dividend of ten per cent. on her stock, which amounts to $3,731.25, but claims that it is entitled to deduct therefrom the sum of $1,357.03, which it advanced to said trustee for her under the will. Appellee contends that appellant is only entitled to recover the sum of $225.83

advanced by it to her under the will after the death of said trustee. It is apparent to us that the advances provided for in item 10 of the will were to be made out of her part of the estate. That appellee so interpreted the will is evident from the fact that she conceded that appellant is entitled to deduct from her dividend the amount which it actually advanced to her.

We think that appellant is also entitled to recover the amount it advanced to the trustee for her. Under the terms of the will, the portion of the estate left to appellee was placed in trust for her until her daughter should reach the age of 20 years. During this period of time it was left to the discretion of the trustee to make advances to appellee. The bookkeeper of appellant testified that he knew of his own knowledge that the various amounts making up the $1,357.03 were paid by appellant to T. J. Walbert as trustee for Ethel D. Woulfe. He also knew that these amounts were paid by said Walbert as trustee to Ethel D. Woulfe. Thus it will be seen that the advances were made in strict compliance with the provisions of the will. When the dividends actually accrued, appellant had a right to deduct from the amount due appellee that portion which it had already paid to appellee in advance of declaring a dividend. Under our system of pleading, the litigants may settle in a single suit all matters in dispute between them, and appellant had a right to deduct from the dividend which it owed appellee all sums advanced by it under the terms of the will, whether to appellee directly or to the trustee for her. Payment of it to the trustee was a compliance with the terms of the will, and so constituted a payment to her, and it was entitled to deduct that amount from the dividend. The very object of placing the property in trust was that the trustee should handle the estate left to appellee and that she should not be put in control of it until her daughter reached the age of 20 years. *Coates* v. *Milner,* 134 Ark. 311, 203 S. W. 701; *Funk* v. *Young,* 138 Ark. 38, 210 S. W. 143, A. L. R. 79; and *Church* v. *Jones,* 167 Ark. 326, 268 S. W. 7.

The result of our views is that the decree will be reversed, and the cause will be remanded with directions to the chancery court to allow plaintiff to deduct from the dividend of $3,731.25 declared in June, 1926, the sum of $1,357.03, advanced by it in 1924 and 1925 to T. J. Walbert, trustee for appellee, as well as the sum of $225.83 advanced by appellant directly to appellee in 1926; and to render judgment in favor of appellee against appellant for the balance due and the accrued interest, and for further proceedings in accordance with the principles of equity and not inconsistent with this opinion. It is so ordered.