**WASSON, State Bank Com'r of Arkansas, v. DAVIS BROS. LUMBER CO., Limited.**

No. 2643.

District Court, W. D. Louisiana, Monroe Division.

Feb. 4, 1936.

Cockrill, Armistead & Rector, of Little Rock, Ark., and Hudson, Potts & Bernstein, of Monroe, La., for plaintiff.

J. C. Theus, of Monroe, La., for defendant.

DAWKINS, District Judge.

Plaintiff, the bank commissioner for the state of Arkansas, sued the defendant upon its liability as a stockholder in the Bankers' Trust Company of Little Rock, Ark., in the sum of $19,900. The law of Arkansas makes stockholders of a state bank liable for the full par value of stock held by them over and above the original price if necessary to meet the debts of such bank. Plaintiff alleges that the bank in question was taken over by him for insolvency, and he has, according to the laws of his state, determined that an assessment of 100 per cent. upon the stock is necessary to meet its obligations. He therefore sued for the full amount of the par value of defendant's stock.

Defendant has excepted that the petition discloses no right or cause of action.

Contention is made by the defendant that, since the Supreme Court of the state of Arkansas has held that the powers and duties of the commissioner of banks is the same as those of a chancery receiver (citing Funk v. Young, 138 Ark. 38, 210 S.W. 143, 5 A.L.R. 79), and the latter has no extraterritorial power to sue without specific authority from the court of his appointment, the bank commissioner likewise cannot bring this action. However, that case did not involve the question here; that is the right of the commissioner to maintain such an action as this in the courts of another state, and necessarily would not be controlling under the present issue. On the other hand, the Supreme Court of the United States, in the case of Broderick, Superintendent of Banks of New York, et al. v. Rosner, 294 U.S. 629, 55 S.Ct. 589, 79 L.Ed. 1100, 100 A.L.R. 1133, had occasion to consider the identical point as to whether the officer of New York, occupying a similar position and discharging the same duties of the plaintiff in the present instance, might maintain such an action, and reversed the court of last resort of New Jersey (Broderick v.

Abrams, 113 N.J.Law, 305, 174 A. 507) upholding the statute of that state, which, in positive terms, prohibited a suit at law against stockholders of a bank of another state upon their statutory liability as stockholders. This last-mentioned case, I believe, answers every contention of the defendant in the present one and for that reason the exception will be overruled.

Proper decree should be presented.