[Oates v. Smith.]

# Oates *v.* Smith.

*Petition to Set Off Deposit Certificate against Debt Due Bank.*

(Decided January 9, 1912.   57 South. 438.)

1. *Receivers; Appointment; Effect.*—Ordinarily the appointment of a receiver vests in him no title to the property involved, but merely invests him with the right of possession.

2. *Banks and Banking; Insolvency; Receivership; Statutory Provision.*—Section 3560, Code 1907, creates a statutory receivership for banks subject to the general principles of receivership, and section 3509, creates such funds trust funds for the payment of creditors, the two statutes forming part of a single system.

3. *Same; Effect.*—The appointment of a receiver under section 3560, Code 1907, operates as an adjudication of insolvency, fixes the status of the corporate assets and qualifies the rights of creditors.

4. *Same; Allowance of Claim; Set Off.*—Where a receiver was appointed under section 3560, to collect assets and pay off liabilities of an insolvent bank, a debtor could not set off a debt due the bank with an obligation of the bank acquired after its insolvency, since the assets under section 3509, constitute a trust fund for the payment of creditors; and while the changed status wrought by insolvency does not impair or defeat existing rights of set off, debtors are not entitled to have set off against their debts claims which they have acquired subsequent to insolvency of which they have notice or subsequent to the appointment of a receiver, since after such insolvency a creditor is only entitled to file his claim and share ratably in the distribution of the assets, and, of course, a creditor's assignee can have no better right than he has.

5. *Same.*—Section 5858, Code 1907, does not have the effect of giving one who is indebted to an insolvent bank, which has been placed in the hands of a receiver, the right to off set as against a debt due the bank an obligation of the bank acquired since insolvency, since its provisions refer to a debt to and a claim against the same legal person, each of which must afford the obligee equally a right of action against the obligor.

Appeal from Jefferson Chancery Court.

Heard before Hon. A. H. Benners.

On bill filed by the Attorney General under the state banking laws, the Guarantee Bank & Trust Company was declared insolvent and T. D. Smith was appointed as receiver thereof. John B. Oates files petition against

the receiver to set off certain claims due by the bank against the debt due from him to the bank. From a decree sustaining demurrer to the petition he appeals. Affirmed.

HENRY UPSON SIMS, for appellant. This appeal involves the construction of section 3560, Code 1907, and whether a debtor to a bank, the business of which has been put into the hands of a receiver upon the petition of the Attorney General, can set off against the bank a claim acquired by him after insolvency. If it is intended as an insolvency law, it requires first, a decree of insolvency.—*McCrary v. Burney Bank,* 116 Ala. 273; *Thornton v. Moore,* 61 Ala. 347; Bump on Bankruptcy, sec. 438; second, the discharge of the bank from any portion of its debts which the assets prove insufficient to pay.—5 Cyc. 237; *Puryear v. Puryear,* 34 Ala. 555, and third, the transfer of title to the receiver of its assets, to be applied to the claims of all its creditors. In the absence of specific provisions to the contrary, the right to the assets would be settled by the decree of the insolvency.—*Steele v. Moody,* 53 Ala. 424. In involuntary cases nothing short of a decree of insolvency would seem to vest the creditor's rights.—*Renfroe v. Goetter,* 78 Ala. 311; *Ex parte Printup,* 87 Ala. 148. Of course, the execution of the deed determines the point in case of voluntary assignment.—18 S. W. 822; *Chcrer v. Loftin,* 26 Ala. 703. While the insolvency decree vests in every creditor who may file his claim, the right to that proportion of the assets which his claim bears to the whole amount of the claims in his class, this right has never been held to conflict with a debtor creditor's right to pay a debt to the insolvent estate with the face value of his claim filed.—*Palmer v. Steiner,* 68 Ala. 400; *Shelton v. St. Clair,* 64 Ala. 565;

*Pitcher v. Patrick,* Minor 321; *Perrine v. Warren,* 3 Stew. 151. A claim may be purchased and filed in the purchaser's name, and of course, may be set off.—*Thornton v. Moore,* 61 Ala. 346; Sec. 5858, Code 1907. The effect of a denial of the claim of set off would be to give the decree of insolvency not yet entered a retroactive effect.—*Jordan v. Rice,* 151 Ala. 523; *Martin v. Mohr,* 56 Ala. 221; *Connor v. Smith,* 88 Ala. 300. If, on the other hand, section 3560, is not an insolvency law, then, none of these things are involved and petitioner by filing his acquired claim, recorded his right to have a share in the assets, and no difference can be made between deposits drawing interest and those not drawing interest.—Section 250, Constitution 1901. The safest construction would be to declare it not an insolvency law.—5 Cyc. 241; 172 Mass. 178. The right of set off is not denied against claims in the hands of a receiver, but it is merely contended that the right of set off extends only to claims acquired prior to the decree appointing a receiver. The mutuality of claims as to maturity is immaterial.—*St. L. & T. P. Co. v. McPeters,* 124 Ala. 451; *T. C. & D. R. R. Co. v. Rhodes,* 8 Ala. 206; 18 S. W. 822; 129 U. S. 252; 18 Atl. 1027.

J. B. GARBER, and GARBER & GARBER, for appellee. The rule declared in *O'Bear Jewelry Co. v. Volfer,* 106 Ala. 219, and in *McCrary, et al. v. Burney Nat. Bank,* 106 Ala. 233, is changed so far as banks are concerned or other insolvent corporations by General Acts 1903, p. 388, and carried into the Code of 1907, as section 3509. And this section of the Code must be construed in pari materia with section 3560, Code 1907, which when construed together enlarge the jurisdiction of courts of equity and make the appointment of a receiver an equitable assignment for the benefit of creditors for the pur-

pose of distribution.—High on Receivers, sec. 287, 288 and 322. A full discussion of the effect of section 3560, Code 1907, will be found in the case of *Stone v. Dodge,* 21 L. R. A. 280; *City Bank & T. Co. v. Leonard,* 168 Ala. 404. The appointment of a receiver was an adjudication of an insolvency authorized by the statute.—*Corey v. Wadsworth,* 99 Ala. 68; High on Receivers, sec. 346. The status of insolvency then, was fixed on the date of the order of the court appointing a receiver.—32 N. E. 623; 28 N. E. 665; High on Receivers, sec. 134-136, and cases cited. Appellant was not entitled to a set off, as his debt was not due on Jan. 10, 1911, as his note did not mature until July 2, 1911, and there can be no set off where there is no cause of action.—*St. L. & T. R. P. Co. v. McPeters,* 124 Ala. 455. Conceding that the proceedings had progressed sufficiently on Jan. 10, 1911, to justify the court at this juncture in entertaining the counter claim set up by the petition upon the general principles of equitable set off, he was not entitled to the application of the general rules of set off, or to use the certificate of deposit purchased by him as therein shown to extinguish his debt due the bank in whole or in part.—21 L. R. A. 280; 12 Gray 233, 38 Pac. 1088; 85 N. Y. App. 617; 5 R. I. 219; 114 Ill. 300; 19 S. E. 671; 73 Fed. 709; 146 U. S. 499; 9 Heisk. 501; 37 Barb. 225; 98 Am. St. Rep. 111; 47 Id. 578; 23 A. & E. Enc. of Law, 1094; High on Receivers, sec. 247, 249; 31 Ohio St. 231; 57 Atl. 1076. It follows from these authorities that the receiver took an equitable interest in the debtor's estate as a trust fund for the benefit of all creditors, and that a set off will not be allowed where the claim or demand sought to be set off was acquired subsequent to the receivership, or were the effect would be practically to give a preference to one creditor over another. As to the receiver's title and

[Oates v. Smith.]

right of possession, see.—*Talladega M. Co. v. Jenifer I. Co.,* 102 Ala. 259; *Southern G. Co. v. Wadsworth,* 115 Ala. 570; 23 A. & E. Enc. of Law, 1042; 67 Mo. 315; 151 Fed. 626; 136 N. Y. 169; 159 Mass. 9. The proceedings under section 3560, is ab initio a proceeding in rem since it operates directly against the assets and property.—22 Cyc. 1102; 4 Words & Phrases, 3481; 52 Me. 115. Said section is not suspended by the Federal Bankrupt Law, 47 L. R. A. 190.

SOMERVILLE, J.—Section 3560 of the Code of 1907 (Section 16 of the state banking act of October 2, 1903) is as follows: "Whenever the treasurer finds that a bank or corporation chartered by the laws of this state and doing a banking business, is not in a solvent condition, he shall immediately report the condition of the bank to the Governor, and the Governor shall direct the Attorney General to institute proceedings in a court having jurisdiction in the county where the bank or parent bank is located, to put the bank in the hands of some competent person, who shall give bond in an amount to be fixed by the judge for the faithful discharge of his duties, and said person so appointed shall immediately take charge of the business of said bank, collecting its assets and paying off its liabilities under the law and rules of such court."

Proceeding in accordance with this statute, the Attorney General filed his bill in the Jefferson chancery court against the Guarantee Bank & Trust Company, alleging that the State Treasurer had certified to the Governor that the respondent bank was not in a solvent condition, and praying for the appointment of some competent person as receiver to immediately take charge of the business and property of said bank, to collect its assets, and hold them subject to the orders of the court.

The court thereupon appointed the appellee, E. D. Smith, as such receiver, who took charge of the bank, and proceeded to collect its assets. The receiver soon afterwards filed his report showing that the bank was hopelessly insolvent, and on November 8, 1910, the court ordered that all creditors should file their claims against the bank on or before January 10, 1911; and on December 17, 1910, further ordered that the receiver should allow set-offs only in those cases where debtors held or owned certificates of deposits of said bank, general or interest-bearing, at the time of the commencement of the receivership. On January 10, 1911, the appellant, John B. Oates, filed in the court his sworn petition, showing that he was indebted to said insolvent bank in the sum of $1,404 by his promissory note of July 2, 1910, due and payable on July 2, 1911, to which was attached certain collaterial securities the property of petitioner; that this note was among the assets of said bank, and in the possession of said receiver; that, before the institution of this cause, said bank for value received had issued an interest-bearing certificate of deposit in the sum of $1,750 to the Interstate Fire Insurance Company, payable on July 2, 1911; and that petitioner had become the owner and purchaser of said certificate by indorsement, and for a valuable consideration. The prayer of the petition was in substance and effect that this certificate of deposit should be allowed as a set-off against petitioner's said debt to the bank, that his said note be canceled and his collateral returned to him, and that any balance found due on the certificate be allowed to him as a claim against the bank. The receiver demurred to the petition on various grounds, among others, that it did not show that the certificate of deposit was transferred to petitioner before the appointment of the receiver. The demurrer was

sustained by the chancellor, and, petitioner declining to amend, a decree was entered dismissing the petition. The controlling question raised by the appeal is, therefore, whether a claim acquired by the debtor of an insolvent banking corporation in the hands of a receiver, after the appointment of the receiver, is available as a set-off against his debt previously existing.

The effect of section 3560 of the Code is to create a statutory receivership, subject, of course, to the general principles which govern that branch of equity law, and subject specifically to section 3509 of the Code, which provides that "the assets of insolvent corporations constitute a trust fund for the payment of the creditors of such corporations, which may be marshaled and administered in courts of equity in this state." These two statutes are, of course, parts of a single system, and co-operate in the clearly defined purpose of the Legislature to promptly sequester the assets of insolvent state banks, to the end that such assets may be impartially administered in favor of all the creditors.

Upon the filing of a bill of complaint, appropriate in form and substance, a court of equity is authorized to appoint a receiver for the purposes stated, and the decree of appointment operates ipso factor as a potential adjudication of insolvency, fixing the status of corporate assets, and qualifying the rights of corporate creditors. Whether, for our present purposes, this status relates back to the filing of the bill, or to the State Treasurer's report of insolvency, or to the date of actual insolvency, we need not consider. See the various rulings collected in case note to *Stone v. Dodge* (Mich.) 21 L. R. A. 280.

In ordinary cases of receivership, it is very generally held that the appointment of the receiver does not vest in him any title to the property involved, but only the

right and duty of possession.—*Sullivan Timber Co. v. Black*, 159 Ala. 587, 48 South. 870; *Talladega Merc. Co. v. Jenifer Iron Co.*, 102 Ala. 259, 14 South. 743; *South Granite Co. v. Wadsworth*, 115 Ala. 570, 22 South. 157; High on Receivers, § 5; 23 Am. & Eng. Ency. Law, 1042.

But this question is of no importance in the present case, for the trust fund theory of the statute, as well as the equitable rights of the receiver, just as effectually hold and protect the assets of the bank for the purposes in view as if the legal title were vested in the receiver. In a similar case, however, the Supreme Court of Massachusetts has held that such a receiver "is to be regarded as a quasi assignee, and as being vested with the legal title to the assets of the bank."—*Howarth v. Lombard*, 175 Mass. 570, 579, 56 N. E. 888, 891, 49 L. R. A. 301. And this ruling seems to meet with the approval of Mr. High.—High on Receivers (4th Ed.) § 317c. It is universally conceded that the changed status wrought by insolvency, or by the appointment of the receiver, does not impair then existing rights of set-off in favor of debtors. See note to *St. Paul Trust Co. v. Leck* (Minn.) 47 Am. St. Rep. 585; *Scott v. Armstrong*, 146 U. S. 499, 13 Sup. Ct. 148, 36 L. Ed. 1059; 34 Cyc. 194.

But it is held with equal unanimity that such debtors are not entitled to have set off against their debts claims which they have acquired subsequent to such insolvency, of which they have notice, or subsequent to the appointment of the receiver.—*Stone v. Dodge*, 96 Mich. 514, 56 N. W. 75, 21 L. R. A. 280, and note; *Scott v. Armstrong*, 146 U. S. 499, 13 Sup. Ct. 148, 36 L. Ed. 1059; *Nix v. Ellis*, 118 Ga. 345, 45 S. E. 404, 98 Am. St. Rep. 111; *St. Paul Trust Co. v. Leck*, 57 Minn. 87 58 N. W. 826, 47 Am. St. Rep. note, pages 582-586-588; *Davis v. Ind. Mfg. Co.*, 114 N. C. 321, 19 S. E. 371, 23 L. R. A. 322; *In re Hamilton*, 26 Or. 579, 38 Pac. 1088;

[Oates v. Smith.]

*In re Van Allen*, 37 Barb. (N. Y.) 225; *Smith v. Mosby*, 9 Heisk. (Tenn.) 501; *Van Dyck v. McQuade*, 85 N. Y. 617; *Clarke v. Hawkins*, 5 R. I. 219; *Jackson v. Lahee*, 114 Ill. 300, 2 N. E. 172; High on Receivers (4th Ed.) § 247; 23 Am. & Eng. Ency. Law, 1094; 34 Cyc. 198. The reason in each case is elementary: (1) The receiver succeeds to the assets as they are, and subject to every specific right and equity which existed against the insolvent; and, where a set-off exists, the debtor equitably owes only the balance over and above the amount of his counterclaim, and this is the debt that passes to the receiver; and (2) the impartial distribution of the assets, which constitute a trust fund in equity, without any preference of one creditor at the expense of others, would be palpably defeated. After insolvency is established, a creditor's claim, so far as the assets are concerned, gives him no more than the right to file his claim seasonably and to share ratably in their distribution. And when he assigns his claim to another, after such insolvency is established, the assignee acquires no other nor higher right than had his assignor.

Our statute of set-offs (section 5858, Code 1907) provides that "mutual debts * * * subsisting between the parties at the commencement of the suit, etc., may be set off one against the other." This means a debt to and a claim against the same legal personality, each of which must equally afford the obligee a right of action against the obligor.—*St. L. & T. R. Packet Co. v. McPeters*, 124 Ala. 451, 27 South. 518. This language of the statute in no way impugns the principles above laid down, even if it were conceded that a court of equity must apply it in all requests and in all cases as must courts of law. Manifestly the test just above stated is fatal to the petitioner's asserted right of set-off, for mutuality is essentially lacking, and his general right

of action upon his claim acquired by assignment is qualified by the pre-established rights of the receiver and of the other creditors.

Appellant's theory, and his argument in support of it, have taken no account of the force and effect of section 3509 of the Code, which re-establishes the once discarded trust fund theory in regard to the assets of insolvent corporations; and this alone would differentiate such cases from insolvent estates of deceased persons administered by personal representatives. But, even with respect to these latter, it seems to be settled law that claims acquired by debtors by assignment after the decedent's death cannot be set off against the estate in an action by the personal representative. Note to *St. Paul, etc., Trust Co. v. Leck,* 47 Am. St. Rep. 588. Nor do the Alabama cases cited by appellant hold to the contrary. In fact, in *Palmer, Adm'r, v. Steiner,* 68 Ala. 400, the right of set-off in such cases is expressly limited to demands against the decedent "held and owned at the time of his death."

The decree of the chancery court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.