**UNITED STATES FIDELITY & GUARANTY CO. v. WOOLDRIDGE.**

(Circuit Court of Appeals, Fifth Circuit. January 5, 1924. Rehearing Denied February 20, 1924.)

No. 4098.

1. **Banks and banking** ⟜77(4)—**Surety not entitled to set off claim against insolvent bank.**

Where guaranty company, as surety for a bank, indemnified railroad against loss of deposits in bank, and as a separate transaction issued to such bank a blanket bond, agreeing to indemnify it against any dishonest act of its employees, and the bank lost a large amount of money through dishonest act of its president and became insolvent, and the guaranty company paid the railroad the amount of its lost deposit, it could not set off the amount so paid against claim of bank's receiver on the blanket bond, though it became subrogated to the rights of the railroad.

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Banks and banking ⊚⇒77(4)—Debtor of bank cannot acquire right of set-off by acquiring claim against bank.**

One indebted to a bank cannot, after the establishment of its insolvency, acquire an unpreferred claim against the bank, and use that claim as a set-off against the debt owing to the bank; the right of set-off being governed by the state of things existing at the moment of insolvency.

In error to the District Court of the United States for the Northern District of Texas; Wm. H. Atwell, Judge.

Action by A. P. Wooldridge, receiver of the National Bank of Cleburne, against the United States Fidelity & Guaranty Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Walter F. Seay, of Dallas, Tex. (Seay, Seay, Malone & Lipscomb, of Dallas, Tex., on the brief), for plaintiff in error.

G. W. Wharton, of Fort Worth, Tex., and Ellis Douthit, of Sweetwater, Tex. (Thompson, Barwise, Wharton & Hiner, of Fort Worth, Tex., and Ellis Douthit, of Sweetwater, Tex., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. On August 28, 1921, the plaintiff in error (herein called the Guaranty Company) issued to the National Bank of Cleburne (herein called the Bank) a so-called "banker's blanket bond," in the sum of $25,000, whereby the Guaranty Company agreed to indemnify the Bank and to hold it harmless from and against loss to an amount not exceeding $25,000 through any dishonest act of any of the Bank's employees. A few days prior to the above-mentioned date the Guaranty Company became the Bank's surety on a bond in favor of the Gulf, Colorado & Santa Fé Railway Company, the condition of that bond reading as follows:

"The condition of this obligation is such that, if the said principal shall pay on demand to said railway company the sums of money now or hereafter deposited by said railway company with said principal, or to the credit of said railway company with said principal, or which may in any manner or for any reason be now or at any time hereafter due or payable by said principal to said railway company, then this obligation shall be void; otherwise, it shall remain in full force and effect."

The Bank paid the premiums on the above-mentioned bonds. While each of those bonds was in force, the president of the Bank defaulted in an amount greatly more than $25,000, with the result that the Bank became insolvent and unable to pay its depositors, and the defendant in error was appointed receiver of its assets. At the time of the Bank's failure it was indebted to the above-mentioned railway company as a depositor in the sum of $23,321.51. In January, 1922, the Guaranty Company, in compliance with the demand of the railway company and the obligation of the bond to the latter, paid to the railway company the amount owing to it by the Bank, whereupon the railway company assigned to the Guaranty Company all claims, rights, or demands of the railway company against the Bank. Thereafter the receiver brought this suit against the Guaranty Company on its above-mentioned $25,000

bond to the Bank. The Guaranty Company claimed the right to set off against the $25,000 demand asserted by the receiver the $23,321.51 demand of the railway company against the Bank, the right to which was assigned by the railway company to the Guaranty Company, which tendered as the balance due on its $25,000 bond the amount of the difference between the amount of that bond and the amount paid by the Guaranty Company to the railway company. The court decided that the Guaranty Company was not entitled to the set-off claimed by it.

[1, 2] The two above-mentioned undertakings of the Guaranty Company were separate and distinct transactions. By the first above-mentioned bond it became obligated to indemnify the Bank against loss to an amount not exceeding $25,000 through any dishonest act of any of the Bank's employees. By the second above-mentioned bond it became the Bank's surety to the extent stated for sums owing by the Bank to the railway company as a depositor. Under one of the bonds the Guaranty Company's liability was to the Bank. The railway company was the beneficiary of the liability imposed on the Guaranty Company by the other bond. An effect of the Bank's failure, as above stated, was to fix the amount due from the Guaranty Company under each of its bonds; those amounts being $25,000 payable on the bond to the Bank, and $23,321.51 payable on the bond to the railway company. The result of sustaining the asserted right of set-off would be to enable the Guaranty Company to satisfy debts aggregating more than $48,000 by paying only the amount of one of those debts, $25,000. That result cannot properly be reached on the ground that the Guaranty Company acquired, by the assignment mentioned or by subrogation, the right to have the amount due to the railway company as a depositor paid out of the amount due to the Bank on the bond payable to it.

The Guaranty Company could not acquire from the railway company a right not possessed by the latter. The Guaranty Company's liability on its bond to the Bank was an asset of the estate which the receiver held in trust for all the creditors of the Bank. Upon the Bank's insolvency being established the railway company's claim, so far as the Bank's assets are concerned, gave it no more than the right to file its claim seasonably and share ratably in the disposition of those assets; and the Guaranty Company, by its transaction with the railway company after the Bank's insolvency was established, acquired no other or higher right than the railway company had when it so parted with its claim. Oates v. Smith, 176 Ala. 39, 57 South. 438; 25 R. C. L. 1377. The forbidden result of a preferential payment out of the insolvent Bank's assets of an unpreferred debt owing by it cannot be brought about by one who is indebted to the Bank acquiring, after the establishment of its insolvency, a claim against the Bank and using that claim as a set-off against the debt owing to the Bank. The right to set-off is governed by the state of things existing at the moment of insolvency, and not by conditions thereafter created. Yardley v. Philler, 167 U. S. 344, 360, 17 Sup. Ct. 835, 42 L. Ed. 192; Scott v. Armstrong, 146 U. S. 499, 510, 13 Sup. Ct. 148, 36 L. Ed. 1059; Mechanics' Bank v. Ernst, 231 U. S. 60, 34 Sup. Ct. 22, 58 L. Ed. 121;

Stone v. Dodge, 96 Mich. 514, 56 N. W. 77, 21 L. R. A. 280; Lion Bonding & Surety Co. v. Austin (Tex. Civ. App.) 208 S. W. 542.

It follows that the Guaranty Company, by acquiring, after the Bank became insolvent, the railway company's claim against the Bank, did not become entitled to use that claim as a set-off against the demand of the Bank, based on the bond payable to it. The above-mentoned ruling was not erroneous.

The judgment is affirmed.