[Civil No. 2282.   Filed May 1, 1924.]

[225 Pac. 485.]

A. T. HAMMONS, Superintendent of Banks, Appellant, v. J. C. GRANT and STEWART GRANT, Copartners Doing Business Under the Firm Name and Style of GRANT BROTHERS, Appellees.

1. BANKS AND BANKING—SUPERINTENDENT OF BANKS HAS NO BETTER TITLE TO PROPERTY OF INSOLVENT THAN LATTER HAD.—Under Banking Code, superintendent of banks on taking over an insolvent bank occupies position of an ordinary receiver, and has no better or different right or title to property of insolvent than insolvent itself had.

2. BANKS AND BANKING—RIGHT OF SET-OFF BETWEEN BANK AND DE-POSITOR SAME AS BETWEEN INDIVIDUALS. — The right to set-off debts as between individuals is applicable as well between bank and a depositor.

3. SET-OFF AND COUNTERCLAIM — ONE CONTRACT MAY BE SET OFF AGAINST ANOTHER UNDER STATUTE.—Under 'Civ. Code 1913, paragraph 480, one contract may be set off against another.

4. BANKS AND BANKING—BANK MAY CREDIT DEPOSITS AGAINST OVER-DUE PAPER OF DEPOSITOR OR DEPOSITOR DIRECT PAYMENT OF DEBT FROM DEPOSIT.—A bank may credit deposits against overdue paper of the depositor, or such depositor may, before insolvency of the bank, direct cancellation of a debt due from him by charging same against his deposit.

5. BANKS AND BANKING—DEPOSITOR IN INSOLVENT BANK CAN SET OFF DEPOSIT AGAINST NOTE DUE BANK.—A depositor in an insolvent bank, in the hands of the superintendent of banks, *held* entitled to set off against his indebtedness to the bank on a note the amount of his deposit.

1.   See 23 R. C. L. 56.

2.   Right to set off deposit in insolvent bank against indebtedness to bank, see notes in 47 Am. St. Rep. 584; Ann. Cas. 1917C, 1187, 1203; 25 A. L. R. 938.   See, also, 23 R. C. L. 58.

3.   See 24 R. C. L. 850.

4.   Right of bank to set off debt due by depositor against his deposit, see notes in 47 Am. St. Rep. 584; 2 Ann. Cas. 206; 19 Ann. Cas. 487; Ann. Cas. 1915A, 688; Ann. Cas. 1917C, 1205.   See, also, 3 R. C. L. 588.

See 7 C. J. 652, 653, 725, 746; 34 Cyc. 676.

APPEAL from a judgment of the Superior Court of the County of Cochise.    Albert M. Sames, Judge. Affirmed.

Mr. M. I. McKelligon and Mr. D. L. Cunningham, for Appellant.

Mr. Fred Sutter and Mr. Walter Roche, for Appellees.

ROSS, J.—It appears that on the date of taking over the Citizens' Bank & Trust Company, August 27, 1923, by the superintendent of banks, the bank held Grant Bros.' promissory note, upon which was due a balance of $720.62, and that there was on deposit in said bank, subject to the general checking account of Grant Bros., $1,331.42.

The superintendent of banks, acting under the Banking Code (chapter 31, Acts Special Session of the Fifth Legislature 1922), took charge of the property and business of the Citizens' Bank & Trust Company as a failing and insolvent institution, and thereafter brought this action to collect Grant Bros.' note.    The latter admitted the indebtedness to the bank, and claimed the right to offset it with their deposit.    This right of offset was sustained by the lower court, and the superintendent of banks, being dissatisfied, has appealed the case.

The question is, may a depositor who is also a borrower of a commercial bank, upon its becoming insolvent, offset his note with his deposit?

The superintendent of banks, like any ordinary receiver of an insolvent estate, simply steps into the shoes of the insolvent.    He has no better or different right or title to the property of the insolvent than the latter had.    This rule is not in any way changed by the Banking Code, *supra.*    Indeed, the method of liquidating an insolvent bank by the superintendent of

banks is that of any ordinary receiver appointed by the court, except as otherwise provided. Section 46, Banking Code. He takes the receivership in trust for the creditors of the bank, and it is made his duty to collect what is owing the bank, and to that end he is authorized to bring suits. The statute providing the method to wind up the affairs of the insolvent bank has not undertaken to change the rights of the depositors or the liabilities of the bank as they existed under the law at the time of the receivership. The same rule with reference to the right to offset debts as between individuals is applicable to the bank and depositor. It is settled by our statute, paragraph 480, Civil Code 1913, that one contract may be offset against another contract.

It is a well-settled rule that a bank may credit deposits upon the overdue paper of the depositor. Up to the very minute when the Citizens' Bank & Trust Company was taken over, Grant Bros. could have directed the cancellation of their note by charging the same against their deposit. Thus the rights of the depositor and the bank are reciprocal. The general rule is stated in Tiffany on Banks and Banking, at page 73, section 22, as follows:

"A depositor may at any time require the bank to apply a deposit to the payment of his debt; and in an action by the bank on his note, or for money otherwise due, he may set off his deposit against the demand. This right of set-off is usually exercised when the bank is insolvent, and the depositor is called upon to pay his debt to it, and in such case he is entitled by way of set-off to the full amount of his debt, less such dividend as may be payable to the other general creditors. The right may therefore be exercised as against a receiver or other representative of the insolvent or bankrupt bank."

See, also, 3 R. C. L. 647, section 276; 14 R. C. L. 655, section 30; 7 C. J. 746, section 537; Morse, Banks and Banking (5th ed.), sections 338, 560; In re Hatch, 155

N. Y. 401, 40 L. R. A. 664, 50 N. E. 49; *Gallagher* v.
*Brewing Co.,* 53 Minn. 214, 54 N. W. 115; *Bailey* v.
*State,* 72 Okl. 203, 179 Pac. 615; *Upham* v. *Bramwell,*
105 Or. 597, 25 A. L. R. 919, 209 Pac. 100, 210 Pac.
706; *Colton* v. *Drovers' Perpetual B. & L. Assn.,* 90
Md. 85, 78 Am. St. Rep. 431, 46 L. R. A. 388, 45 Atl. 23.

It is contended by appellant that this rule destroys
equality; that it is advantageous to the borrower as
against the depositor, who does not borrow from the
bank. We are somewhat impressed with this con-
tention, and, if it were an original proposition, or
if there were any decisions supporting it, we would
feel very much inclined to follow. However, the law
seems to be universally the other way (*Scott* v. *Arm-
strong,* 146 U. S. 499, 36 L. Ed. 1059, 13 Sup. Ct.
Rep. 148, see, also, Rose's U. S. Notes), and before
we would be justified in departing therefrom the
statutory rule permitting one contract to be offset
against another would have to be changed. One court
has said:

"The allowance of such a set-off is not the creation
of a preference, but an ascertainment of the just
amount due." *Armstrong* v. *Warner,* 49 Ohio St.
376, 31 N. E. 877, 17 L. R. A. 466.

See, also, 23 R. C. L. 57.

In *Funk & Son* v. *Young,* 138 Ark. 38, 5 A. L. R.
79, 210 S. W. 143, in passing upon the same question
we have before us, the court said:

"The trend of all modern decisions is toward liber-
ality in the allowance of set-offs in the case of in-
solvency of the party against whom the set-off is
claimed to the end that only the true balance may be
required to be paid to the representative of the estate
of the insolvent. In such cases a receiver is not an
assignee for a valuable consideration in the ordinary
sense of that term and by operation of law the rights
and property of the bank pass to him precisely in the
same condition and subject to the same equities as the
corporation held them. So it is the well-established

rule that a receiver takes the claims in favor of the bank subject to all the equities between the bank and its depositors. See case note to Ann. Cas. 1917C, at p. 1188, and note to Ann. Cas. 1916D, at p. 599. Under our statutes the bank commissioner takes the place of a receiver of an insolvent bank.''

Offsets, as such, were originally creations of equity to prevent injustice. 34 Cyc. 633. This state, as most every other, has provided for them by statute, and, under the plain terms of our statute, when Grant Bros. were sued on their note by the receiver, who stood in the shoes of the insolvent bank, they had the right to counterclaim with their bank deposit; these debits and credits being mutual and in the same right.

The judgment of the lower court is affirmed.

McALISTER, C. J., and LYMAN, J., concur.