[Civil No. 2424.  Filed September 16, 1926.]

[248 Pac. 1086.]

A. T. HAMMONS, as Superintendent of Banks of the State of Arizona, and *Ex-officio* Receiver of the FARMERS' & MERCHANTS' BANK, a Corporation, Insolvent, Appellant, v. UNITED STATES FIDELITY & GUARANTY COM-PANY, a Corporation, Appellee.

1. BANKS AND BANKING.—County and state, depositing public moneys in bank, are not preferred creditors on insolvency of bank.

2. BANKS AND BANKING — SURETY ON DEPOSITARY'S BONDS, WHICH PAID DEPOSITORS AFTER SUPERINTENDENT OF BANKS TOOK CHARGE,

---

1.  Deposit of public funds as preferred claim, see notes in 8 Ann. Cas. 116; Ann. Cas. 1916B 1264; 5 L. R. A. (N. S.) 886; 16 L. R. A. (N. S.) 918; L. R. A. 1917A 683.  See, also, 3 R. C. L. 644.  Right in absence of statute to preference in respect of deposit of public funds in insolvent bank, see note in 51 A. L. R. 1336.

IS NOT ENTITLED TO OFFSET CLAIM AGAINST ITS LIABILITY ON
FIDELITY BOND OF CASHIER TO BANK (LAWS 1922, CHAP. 31).—
Surety on depositary's bonds did not become creditor of depository
until it paid obligees, and, that happening after superintendent of
banks took charge of bank as insolvent, it was not entitled, either
as subrogee or assignee, to offset its claim therefor on fidelity
bond on which it was surety for bank's cashier (Laws 1922,
chap. 31).

See (1) 7 C. J., p. 746, n. 17, p. 747, n. 30, p. 749, n. 58; 34 Cyc.,
p. 1036, n. 79.   (2) 7 C. J., p. 747, n. 33 New.

APPEAL from a judgment of the Superior Court
of the County of Maricopa. Richard Lamson, Judge.
Judgment modified and cause remanded, with direc-
tions.

Mr. Allan K. Perry, Mr. Charles A. Carson, Jr.,
and Mr. Henderson Stockton, for Appellant.

Messrs. Sloan, Holton, McKesson & Scott, for
Appellee.

ROSS, J.—The Farmers' & Merchants' Bank of
Tempe, Arizona, was a depositary of the public
moneys of Maricopa county and also of the state of
Arizona. As such it executed to the county and state
each the regular statutory bond, signed by the United
States Fidelity & Guaranty Company as surety. The
bank becoming insolvent, on July 22, 1923, its doors
were closed, and it was taken possession of by
A. T. Hammons, superintendent of banks. There-
after the Guaranty Company, as the condition of
its bond required, paid to the county the sum of
$10,000 and to the state $9,867.03, and took an assign-
ment from such depositaries of their claims against
the bank.

The Guaranty Company had also signed a fidelity
bond of one Thornton Jones, cashier of the Farmers'
& Merchants' Bank, for the sum of $7,500, condi-
tioned to make good and reimburse the bank for any

30 Ariz.—31

pecuniary loss it might sustain by reason of the fraud or dishonesty of said Jones as such cashier. In April, 1924, Hammons, superintendent of banks, and by virtue thereof the receiver of the said Farmers' & Merchants' Bank, instituted this suit against the Guaranty Company, alleging that Jones had breached the fidelity bond by the embezzling of the bank's moneys in the sum of $23,545, and asked for judgment for the full penalty of the fidelity bond.

The Guaranty Company seeks to offset its claims of $19,867.03, assigned by the county and state, against its liability on the fidelity bond. The lower court gave the plaintiff judgment for $7,500, penalty of the bond, but allowed the offset. The plaintiff has appealed from the latter part of the judgment contending that the Guaranty Company had no right to have its liability on the fidelity bond canceled with the assigned claims from the county and state against the bank.

The facts are as stated, and the only question to be decided is one of law. There was some evidence taken, but it only confirmed the facts in the pleadings of the respective parties.

The plaintiff questioned the sufficiency of the Guaranty Company's answer by motion to strike and by demurrer. The court's order overruling these and the judgment allowing set-off, are assigned as error.

Section 44 of the Banking Code (chapter 31, Sess. Laws 1922) in terms vests the superintendent of banks with the title of all property of an insolvent bank from the time he takes charge thereof, free and unaffected by any equity of any third persons acquired thereafter, but subject to any equity of third persons existing against the property or assets prior to his taking charge. We have held that the superintendent of banks simply steps into the shoes of the

insolvent bank, and has no better or different right or title to the property of the insolvent than the latter had. *Hammons* v. *Grant,* 26 Ariz. 344, 225 Pac. 485.

The Guaranty Company's assignors, the county and state, under the laws of Arizona, were not preferred creditors of the insolvent bank, but occupied the same position with regard to its assets as individual parties or creditors (*In re Central Bank of Willcox,* 23 Ariz. 574, 205 Pac. 915), and were entitled as such to share in the assets equally with the general creditors. The Guaranty Company, as subrogee or assignee of the county and state, does not claim any preferred lien on the funds of the bank, but does assert the right of offset, upon the ground that the bank's assets were impressed with an equity in its favor, not from the time it paid the depositors, but from the time it became liable on its surety bond for such payment, which, of course, was prior to the superintendent's taking charge of the bank's assets and coterminous in time with its liability to the bank on its fidelity bond.

By this process of reasoning the conclusion is reached that its claim of $19,867.03 against the bank existed before the receivership, and that the bank's claim for $7,500 against it likewise was fixed before that time; and, synchronizing thus as to time and parties, the right to offset the one against the other, it is asserted, is clear.

If this course of reasoning is correct, the debts were mutual, and their mutuality preceded the receivership, and the right of offset, one against the other, is settled by all the authorities. Some of the courts hold that, where a surety has become liable for the payment of a debt prior to the insolvency of the principal, its right to set-off dates by relation to the time it assumed the obligation of suretyship, and not from the time of paying such obligation.

*Northside State Bank* v. *United States Fidelity & Guaranty Co.,* 127 Wash. 342, 220 Pac. 822; *Fidelity & Deposit Co.* v. *Duke* (C. C. A.), 293 Fed. 661.

However, "the doctrine of relation 'is a legal fiction, invented to promote the ends of justice. . . . It is never allowed to defeat the collateral rights of third persons, lawfully acquired.' " *U. S. Fidelity & Guaranty Co.* v. *Wooldridge,* 268 U. S. 234, 40 A. L. R. 1094, 69 L. Ed. 932, 45 Sup. Ct. Rep. 489. The facts in this case are on all-fours with the facts in the case at bar, except the depositor was a railway company, instead of a county and state. The Circuit Court of Appeals, Fifth Circuit, in *United States Fidelity & Guaranty Co.* v. *Wooldridge,* 295 Fed. 847, after stating the facts, said:

"The Guaranty Company could not acquire from the railway company a right not possessed by the latter. The Guaranty Company's liability on its bond to the bank was an asset of the estate, which the receiver held in trust for all the creditors of the bank. Upon the bank's insolvency being established, the railway company's claim, so far as the bank's assets are concerned, gave it no more than the right to file its claim seasonably and share ratably in the disposition of those assets; and the Guaranty Company, by its transaction with the railway company after the bank's insolvency was established, acquired no other or higher right than the railway company had when it so parted with its claim. *Oates* v. *Smith,* 176 Ala. 39, 57 South. 438; 25 R. C. L. 1377. The forbidden result of a preferential payment out of the insolvent bank's assets of an unpreferred debt owing by it cannot be brought about by one who is indebted to the bank, acquiring, after the establishment of its insolvency, a claim against the bank, and using that claim as a set-off against the debt owing to the bank. The right to set-off is governed by the state of things existing at the moment of insolvency, and not by conditions thereafter created."

The case was affirmed upon practically the same reasoning; Justice HOLMES, who wrote the opinion, disposing of the doctrine of relation in the language we have quoted above. *United States Fidelity & Guaranty Co.* v. *Wooldridge, supra.*

We conclude the Guaranty Company did not become the creditor of the insolvent bank until it had paid its principals, the county and state, and, since that happened after the superintendent of banks had taken charge of the insolvent, the Guaranty Company was not entitled either as subrogee or assignee, to offset its claim against its liability on the fidelity bond.

The judgment allowing the offset is reversed and the cause remanded, with directions that judgment be entered in favor of plaintiff against the Guaranty Company on the fidelity bond for the sum of $7,500, the penalty of such bond, and that the claim of offset be disallowed.

McALISTER, C. J., and LOCKWOOD, J., concur.