[Civil No. 2626. Filed May 23, 1927.]

[256 Pac. 362.]

GEORGE JARVIS, Treasurer of the County of Apache, State of Arizona, Who Sues for the Use and Benefit of the County of Apache, State of Arizona, Appellant, v. A. T. HAMMONS, State Superintendent of Banks, Acting as Receiver of the BANK OF WINSLOW, OF WINSLOW, ARIZONA, an Insolvent Banking Corporation, Appellee.

Mr. Levi S. Udall, County Attorney, Mr. Maurice Barth and Mr. Isaac Barth, for Appellant.

Messrs. Sapp & McLaughlin, for Appellee.

LOCKWOOD, J.—George Jarvis, as treasurer of the county of Apache, state of Arizona, hereinafter called plaintiff, brought suit for the use and benefit of said county against A. T. Hammons, state superintendent of banks, hereinafter called defendant, in his capacity as receiver of the Bank of Winslow, an insolvent banking corporation, hereinafter called the bank. The complaint, in addition to the necessary formal matters, set up that the bank had, about May 11th, 1924, been designated according to law as a depository of public moneys for the county of Apache, and on the fourth day of October of that year there was on deposit with it $30,000 of the funds of Apache county; that on said date the bank was determined by defendant to be insolvent and the management of its affairs taken over by him; that in the course of liquidation he paid to Apache county the sum of $12,000 on account of the deposits above set out, leaving a balance still due it of $18,000.

It was then alleged that at the time it was declared insolvent the bank owned and had in its possession evidences of indebtedness of Apache county in the aggregate of $5,153.80, which were originally issued to various persons and by them assigned to the bank; that these evidences of indebtedness had been called for payment before March 14th, 1925; and that defendant was about to collect them. Plaintiff claimed that by reason of the foregoing facts he was entitled to offset the amount due the bank under the evidences of indebtedness aforesaid against the $18,000 which the bank still owed Apache county, and asked that the proper orders be made allowing such offsets. Attached to the complaint was an exhibit which showed in effect that $1,127.20 of the indebtedness above referred to was for salaries

owed by the county to its officers, $20 on account of outdoor relief of indigents, and the balance was made up of school warrants of different districts of Apache county, both common and high school. The defendant filed a general demurrer and a special demurrer, to the effect that the warrants in question appeared from the face of the complaint to have been originally issued to some other person than the bank as payee, and then answered, setting up in substance the character of the various warrants and claiming that by reason thereof Apache county was not entitled to offset them against the amount due it. The matter came on for hearing on the demurrers and they were by the court sustained, and, plaintiff electing to stand on his complaint without amendment, the court entered an order dismissing the action, from which order this appeal is taken.

There are three general assignments of error, which we will discuss according to the legal questions raised. Paragraph 480, Revised Statutes of Arizona of 1913, Civil Code, provides that there may be set off "in an action arising on contract, another cause of action arising also on contract, and existing when the action was begun."

We have recently decided in the case of *Hammons* v. *Grant et al.*, 26 Ariz. 344, 225 Pac. 485, that a depositor in an insolvent bank in the hands of the superintendent of banks is entitled to set off against his indebtedness to the bank on a note the amount of his deposit. In that case we went quite thoroughly into the decisions and quoted approvingly from the case of *Funk & Son* v. *Young*, 138 Ark. 38, 5 A. L. R. 79, 210 S. W. 143, as follows:

"The trend of all modern decisions is toward liberality in the allowance of set-offs in the case of insolvency of the party against whom the set-off is claimed, to the end that only the true balance may be required to be paid to the representative of the estate of the insolvent, . . . "

—and held that where debits and credits were mutual and in the same right an offset should be allowed. The complaint in the present case on its face shows a deposit and a debt owed by the depositor to the bank, and we think the demurrers should be governed by the rule laid down in *Hammons* v. *Grant, supra.*

We have held several times that an exhibit attached to a complaint was no part of the complaint for the purpose of determining a demurrer. *McPherson* v. *Hattich,* 10 Ariz. 104, 85 Pac. 731; *State* v. *Superior Court,* 14 Ariz. 126, 125 Pac. 707; *Connor Livestock Co.* v. *Fisher, ante,* p. 80, 255 Pac. 996. The court therefore should have overruled the general demurrer.

The special demurrer raised the point that the complaint showed on its face the indebtedness to the bank was an assigned one, and therefore could not be tendered to Apache county in payment of a debt due it. We cannot see what bearing that fact has on the right of set-off in a case like the one at bar, or on what theory the special demurrer could have been sustained, since the indebtedness was fixed when the bank closed and was due when this suit was brought.

The last and vital issue in the case is whether or not the specific items of indebtedness set forth in the exhibit attached to the complaint are proper ones to be pleaded in set-off. The real test is, Do they represent an indebtedness of Apache county or not? If they do, under the decision in *Hammons* v. *Grant, supra,* they are proper elements of set-off; if they do not, they cannot be used by the county as a credit against the indebtedness due it from the bank. The best criterion is whether or not an action would lie against Apache county to recover the particular indebtedness of which the warrants are evidence. So far as the items of salary and outdoor

relief are concerned, it is clear that such action would lie in case they were not paid when by law they were due, and that Apache county itself would be the real party defendant. They may therefore be set off as against the deposit.

But when it comes to the school warrants, a different situation exists. Under the law of Arizona, a school district, either common or high, is a legal entity separate and distinct from the county within whose physical boundaries it lies. It has its own governing board of trustees, chosen by the voters of the district. It can sue or be sued in its own name. If it borrows money and issues bonds therefor, the indebtedness is that of the district, and not of the county, and the funds to pay such indebtedness are raised from the district. Claims for any debt it may owe are approved by its trustees and the warrants of payment are issued by the county school superintendent; the board of supervisors of the county having nothing to do therewith. Its only connection with Apache county, so far as its funds and indebtedness are concerned, is that by law the treasurer of Apache county is required to keep its moneys in a special fund, to be paid out upon order of the county school superintendent. If suit were brought to collect the indebtedness of which each and every one of the school warrants are evidence, the district and not the county would be the real party in interest. Of course, after the warrants issued, if they were not paid when there were funds on hand, the treasurer of Apache county would be the defendant in a suit to enforce payment, but it would be against him as custodian by law of the funds of the district, and not as a representative of the county, as in this action.

Under these circumstances, it appears clear to us that the school warrants in question are not evidences of indebtedness of Apache county; that the

county as a legal entity has nothing to do therewith; and that, therefore, they cannot be set off as against a debt which is due to the county itself. It was urged in the briefs that should a set-off be allowed, the county having received its *pro rata* of dividend on the full amount of the original deposit, will have been preferred to other creditors thereby. This, however, is a matter which can be adjusted by the receiver in his next dividend, or, if for any reason that is not practicable or advisable, on proper pleadings and proof, the court may in this action adjust the accounts so that the county will receive the right amount, considering both set-off and dividends.

For the foregoing reasons, the order dismissing the complaint is set aside and the cause remanded to the superior court of Navajo county, with instructions to proceed with a hearing on the merits in accordance with the views expressed in this petition.